PACIFIC EXPRESS COMPANY V. LASKER REAL ESTATE ASSOCIATION.

No. 7037.

1.  **Joint Wrongdoers.**—That another party was also guilty of culpable neglect is not a defense in an action against a party by whose negligence an injury resulted.

2.  **Calling the Docket.**—A party can not complain at the second calling for trial of a cause upon the jury docket which had been passed to the end of the docket when all cases preceding it at the time it was so passed had been tried or continued, although other cases placed upon the docket subsequent to the passing of the case were undisposed of.

3.  **Measure of Damages for Injury to a House.**—The house partially burned by the negligence of appellant's employes was owned by the same person owning the lot on which it stood. The measure of damages would be the lessened value of the premises caused by the partial destruction of the house, with interest from the time of the act. It was error to admit testimony made the basis of a finding by the court giving as damages the cost necessary to restore the house to its condition before the fire causing the injury.

APPEAL from Mitchell. Tried below before Hon. Wm. Kennedy. The opinion states the case.

*McCormick & Spence,* and *Walton, Hill & Walton,* for appellant.—1. The announcement of the court that the case would be called at the heel of the jury docket was fairly calculated to lead appellant to believe that the case would not be again called until the entire jury docket for the term was called through, and such was the legal result of the announcement, and appellant had a right to so regard it; and the case having been afterward called before the heel of the jury docket was reached, such calling was irregular and illegal; and the appellant having excepted at the time and made a good showing of surprise, with application for postponement or continuance, the court erred in forcing it to trial, and the record shows that the error probably worked harm to appellant, and the judgment ought to be reversed and a new trial ordered. Kirkland v. Sullivan, 43 Texas, 233.

2. The court erred in permitting plaintiff's witness William Hyde to answer the question asked by plaintiff's counsel, as follows, to wit: "What would it have cost to have replaced the building burned, in its condition before the fire, at the time or immediately after the damage?"

(1) Because the question was incompetent and irrelevant.

(2) Because it presupposes an erroneous measure of damages; for if the house had no market value, in any event the true measure of dam-

ages would be the difference in value of the lot and house immediately before the fire and the value of the lot and house immediately after the fire, with 8 per cent interest thereon from the time of the fire.

(3) Because it is possible, in the case of such an injury to a house, that it would cost as much to replace it in its former condition as it would to erect a new house, when the material left after the injury might be used for other purposes to advantage or sold for considerable price.

(4) Because if the measure of damages as above suggested be not the correct one, then the difference between the value of the house before the fire and after the fire, with 8 per cent interest, would be the proper measure of damages, and not what it would cost to repair the house. The court overruled defendant's objections to said question, which was excepted to by defendant. ·

No brief for appellee reached the Reporter.

STAYTON, CHIEF JUSTICE.—This action was brought to recover damages claimed to have resulted from the partial destruction of a house owned by appellee, which it is claimed resulted from the negligence of a servant of appellant while engaged in the conduct of its business. After the action was brought it appears that the cause was removed to a Circuit Court of the United States, by which it was remanded to the State court, and when called in the latter court for trial during the early part of the term at which it was tried it appears that the evidence that the cause had been remanded was not deemed by the plaintiff sufficient, and for this reason it then declined to answer for trial, although the defendant was there ready for trial and ready to admit or admitting that the cause had been remanded. Under this state of facts the court declined to compel plaintiff to announce, and passed the case to the heel of the docket. The cause had been placed on the docket in the position it occupied before removal to the Federal court, and was a jury case; and when all jury cases on the jury docket at the time this was passed to the heel of the docket had been disposed of, this cause was again called for trial, although there were other cases on the jury docket untried or disposed of, which had been placed there after the cause was first called. The plaintiff announced ready for trial, and appellant asked that the cause be continued or postponed until some later day of the term on account of the absence of witnesses and of one of his counsel; but this counsel was present on the trial. The application for continuance was the third, and was clearly insufficient in that it did not state that the application was not made for delay. The application stated what was expected to be proved by the absent witnesses, and from this statement it appears that defendant expected to prove that the keepers of a livery stable were careless in keeping a lamp against which a servant of appellant drove their express wagon and

thus caused the conflagration, but this evidence would only have tended to show that the negligence of the stable keepers as well as the negligence of appellant's driver caused the fire, and this would not have furnished any defense to the action. While the facts might have authorized the court, in the exercise of discretion, to have postponed the case to a later day of the term, we are of the opinion, in view of the evidence on account of which this was asked, that the refusal of the court to postpone the case did not operate to the injury of appellant. After the application to postpone or continue the case was overruled, a jury was secured and the cause tried.

The house was not entirely destroyed, and over defendant's objection the court permitted a witness to state what sum in his opinion it would have been necessary to expend in order to place the house in as good condition as it was before the fire. The court found that the negligence of appellant's servant was the cause of the fire, and that it would take $750 to place the house in the same condition it was before the fire, and for this sum with interest rendered a judgment.

On the measure of damages the court found as follows: "The measure of damages which plaintiff is entitled to recover is the amount which would have been necessary at the time and place of the damage to restore said house to its condition immediately preceding the fire, with interest on such sum at 8 per cent per annum from the date of damage to date of trial." The evidence objected to was introduced for the purpose, evidently, of enabling the court to apply the measure of damages which the court assumed was the true measure. There was no evidence tending to show the value of the property before its destruction other than that showing what it would cost to erect such a house, and we are of opinion that the measure of damages applied by the court was not the correct one. The purpose in every case is to compensate the owner for the injury received, and the measure of damages which will accomplish this in a given case ought to be adopted. In the case before us there was no evidence on which the court could assess the damages according to any other measure than that adopted, and the burden of producing such evidence as would enable the court to properly assess the damages was on the plaintiff. Cases may arise in which the measure of damages adopted by the court would be equitable, but this would not be so in all cases. If a house was old it would be difficult to apply this measure, for in addition to the deterioration in value of the material in such a case there would necessarily be much dilapidation in the structure itself, and it would be impracticable in the nature of things to reconstruct in the same form and dimensions without betterment both in material and structure, and the cost of this would fall on a defendant. A business house, residence, or house adapted to any other purpose when erected in a given locality may then have a value by reason of the adaptation of the place when it is

built to the use for which it is intended which it ceases to have in after time by the change of business, residence, or other centers whereby at the later period the property could not be sold with the land on which it stands for one-fourth of what it would cost to reconstruct it if destroyed. In such a case to give to the owner of a house what it would cost to rebuild it if partially or entirely destroyed would be to give to him more than would be just compensation.

In this time of rapid improvement in means of transportation and in all other directions, it is no unusual thing for a town to spring up rapidly at a place which for a time is the terminus of a railway and for persons engaged in trade to erect expensive houses for business purposes, but in a short time the railway is constructed beyond that point and business goes with it, and then comes depreciation in value at the point which has ceased to be a business center; and houses then will not sell for anything like what it would cost to rebuild or repair if partially or wholly destroyed. In such a case the measure of compensation applied in this case would be manifestly unjust.

In cases such as this, in which the ownership of a house and the land on which it stands is in the same person, we are of opinion that the house should be treated as it is in other cases, as a part of the land, in determining the damages such an owner is entitled to recover on account of the partial or total destruction of a house. If the difference between the value of land immediately before and after a house on it is injured or destroyed, with interest on the sum thus ascertained from the time of the injury, be adopted as the true measure of damages in such cases, we have a rule certain in its application and that will give just compensation in all cases not exceptional in character; while if the rule adopted in this case be applied it will frequently occur that this just result will not be reached. Upon this question there is apparently some conflict of decision, but it seems to us that the rule above suggested is the better, and probably that sustained by the weight of authority. Shearm. & Redf. on Neg., 750; Wood's Mayne on Dam., 569; Sedg. on Dam., note 267; Burke v. Railway, 7 Heiskell, 465.

The evidence objected to was made the basis of the judgment, and as the case was presented we think it should have been excluded, and that to entitle the plaintiff to a judgment it should have brought such evidence as would have enabled the court properly to have assessed the damages.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 15, 1891.

*G. W. Smith* and *Smallwood & Smith* argued a motion for rehearing. The motion was refused.