### TYLER SOUTHEASTERN RAILWAY COMPANY v. M. HITCHINS.

#### Decided June 8, 1901.

**1.—Railway—Negligence—Fire Set by Engine—Burden of Proof.**

Where, in an action for damages to property caused by fire charged to have been set out by sparks from a passing engine, the evidence was conflicting as to the cause of the fire, it was proper for the court to instruct that if the jury found from the evidence that the fire was caused by sparks from the engine, then, upon the issue of the condition of the spark arrester and the proper handling of the engine, the burden of proof was on the railway company.

**2.—Same—Allegata and Probata—Measure of Damages—Improvements as Part of Realty.**

Where plaintiff's petition charged that the improvements destroyed by fire set from defendant's engine were part of the realty, which was thereby damaged in a gross sum, and the evidence was conflicting as to whether the property had a market value, but tended to show the reasonable cash value of the improvements, it was error for the court to charge that if the real estate had no market value, then the reasonable cash value of the property destroyed must be the measure of damages, since this allowed plaintiff to recover the value of the improvements, without reference to the effect of their destruction upon the value of the property as realty.

**3.—Same—Rule of Damages—Market Value.**

In such case the measure of damages would be the difference between the value of the realty just before and just after the fire, whether that value be made to appear by showing its market value, or, in the absence of any market, the reasonable cash value of the property.

**4.—Evidence of Market Value.**

Where a witness had testified to the market value of property, and upon cross-examination admitted he did not know its market value, a motion to exclude his testimony should have been sustained.

Appeal from Cherokee. Tried below before Hon. Tom C. Davis.

*E. B. Perkins* and *Marsh, McIlwaine & Fitzgerald,* for appellants.

*Johnson & Edwards,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was instituted by appellee, M. Hitchins, against the appellant railway company to recover damages alleged to have resulted to his premises and household goods from a fire set out by sparks negligently permitted to escape from a passing engine belonging to and operated by appellant. The latter answered by general demurrer, general denial, and an affirmative allegation that the engine in question was equipped with the latest improved spark-arrester, in good repair, and that the train and engine was carefully handled to prevent the escape of sparks. A trial by jury resulted in a verdict and judgment for plaintiff from which the railway company has appealed.

Appellee was the owner of a lot in the town of Rusk, near the appellant's tracks. There were situated thereon his dwelling, outhouses, fruit trees, shade trees, etc., and in the house were the household goods for the loss of which he also seeks to recover. The evidence of plaintiff tended to show that the household goods and improvements on the lot were totally destroyed by fire caused by sparks emitted by engine No. 83, belonging to appellant, but upon that issue the evidence was conflicting. The evidence was also conflicting as to negligence on the part of appellant. Whether or not the real estate had a market value was also a controverted issue, and as to the value of the goods destroyed and the amount of the damage to the real estate there was the sharp conflict usual upon such issues.

By the first assigned error the appellant complains of a part of the main charge of the trial court in which the jury are instructed that upon the issue of the condition of the spark arrester of the engine in question and the manner of operating the train at the time, the burden of proof is upon the appellant. It is contended by the appellant that when the evidence is conflicting as to the origin of the fire, it is error to charge that the burden of proof is on the railway company to show that it was using the most improved spark-arrester in general use and that its train was being carefully operated at the time to prevent the undue emission of sparks. In support of this contention the case of Railway v. Nesbitt, 33 Southwestern Reporter, 280 was cited, and it apparently announces the doctrine contended for. We have carefully examined the authorities cited by Justice Finley, who delivered the opinion, and find that they are not in point if the decision be construed as appellants construe it. The charge held error in that case is set out only in substance, and in view of the fact that a different rule is so firmly established in this State, we are constrained to believe there were features of that charge not set out in the opinion which justified the conclusion there reached.

In Railway v. Johnson, 92 Texas, 591, it is held that proof of the fact that a fire originated from the sparks escaping from a passing engine established a prima facie case entitling plaintiff to recover unless the prima facie case be rebutted, and the court may so charge the jury.

It is further held in that case that such a charge does not amount to the shifting of the burden of proof. The rule is thus stated in Railway v. Timmermann, 61 Texas, 660: "Where property is destroyed by fire along or near a railroad track, if it be affirmatively shown as a matter of fact that the fire did actually occur from sparks of fire emitted from an engine, then the burden, after such affirmative proof is made, rests on the railroad company to show that there was in fact no negligence on its part in causing the fire." To the same effect is Ryan v. Railway, 65 Texas, 13, and the other Texas cases cited in Railway v. Johnson, supra.

In the charge complained of in the case before us the jury were instructed, in effect, that if they found from the evidence that the fire was caused by sparks which escaped from defendant's engine, then upon the issue of the condition of the spark-arrester and the manner of handling the train the burden was upon the company, thus bringing it in strict accord with the rule announced in Railway v. Timmermann, supra. The objection to the charge can not be sustained.

The second, third, fourth, and fifth assignments assail the action of the trial court in refusing to give special charges requested by appellant. The special charges in question present the same proposition of law, and we deem it necessary to notice them no further than to say the matter presented was fully covered by the main charge in terms more favorable to appellant than to the appellee. It is proper to say, however, in view of another trial, that the duty of the railway company to exercise ordinary care to keep its spark arrester in repair should have been given in the charge to the jury.

By the sixth assignment appellant complains of the charge of the court on the measure of damages. The charge complained of is as follows: "If you find for the plaintiff, you will allow him such amount of money as will reasonably compensate him for the injury he has sustained. The difference between the market value of the real estate just before and just after the fire would be the measure of damages to the real estate, if any. If the real estate has no market value, then the reasonable cash value of the property destroyed at the time it was destroyed would be the measure of damages. The reasonable cash value of personal property at the time it was destroyed would be the measure of damages for the personal property."

Evidence was adduced tending to show that the lot and improvements, considered as real estate, had a market value. Appellant adduced evidence to show that it had none, whereupon appellee sought to show the reasonable cash value of the improvements which were destroyed and of the lot without them. If the realty had a market value, the true measure of damages would be the difference between its market value just before and just after the fire, and this rule was given to the jury in the charge of the court. Express Co. v. Real Estate Association, 81 Texas, 81. But, as has been shown, it was questionable under the evidence whether it had a market value at the time. A wrongdoer will

not be permitted to escape all liability for the destruction of valuable property merely because its value can not be fixed with mathematical certainty. The court should therefore have instructed the jury as to the measure of damages to the realty on the basis of its intrinsic or reasonable cash value as affected by the consequences of the fire.

By a reference to the portion of the charge above set out it will be seen that this was not done. Under the charge as it stands the jury were compelled to treat the improvements (which were in fact a part of the realty and specifically alleged so to be) as personalty, and they could not have done otherwise than assess the damages on that theory. We do not mean to be understood as holding that this can not be done under appropriate pleading, notwithstanding the improvements are technically a part of the realty. Railway v. Smith, 46 S. W. Rep., 1046. In the case before us the appellee alleged that the houses, fences, trees, shrubbery, etc., were attached to and were a part of the realty. That they were destroyed by fire, and that the lot, premises, and property were thereby damaged in the sum of $2000. The value of the house, the outhouses, the fences, shrubbery, etc., is nowhere specifically alleged. Its destruction is alleged and consequent damage in a gross sum is averred to have resulted to the realty. The personal property alleged to have been lost by the fire is set out item by item, the value of each item being averred. It will not do to say that appellant should have interposed an exception as to the allegations with reference to the realty, if it desired the value of each item of improvements more specifically set out, for treating the petition as a suit for damages to the realty it is subject neither to general nor special exception. The purpose of pleading is to apprise the opposite party of the nature and character of plaintiff's demands, so that it may be known what evidence should be produced to meet and combat it. Railway v. Bayliss, 62 Texas, 572.

One can not be permitted to sue for damages to the realty alleged in a gross sum and to recover under a measure of damages involving an inquiry as to the value of each item of improvements destroyed without reference to its effect on the value of the real estate considered as a whole. The converse of this proposition was distinctly decided in Railway v. Smith, supra. In that case the plaintiff sued for the value of certain buildings, fences, fruit trees, and shrubbery belonging to plaintiff. The value of the improvements were alleged and judgment was prayed therefor. It was said in the opinion delivered by Justice Williams, "the action is clearly one for the recovery of the value of the property destroyed, and not for recovery of damages done to the freehold." A charge that the measure of damages was the difference between the value of the realty just before and just after the fire was therefore held error.

The correct rule to be applied to cases such as this is announced in Express Company v. Real Estate Association, supra, and we do not see that the propriety of its application is affected by the fact that because

there is no market value its intrinsic or reasonable value must be shown. The measure of damages will be the difference between its value just before and just after the fire, whether that value be made to appear by showing its price in the market, or, in the absence of a market, its reasonable value. We think the assignment should be sustained.

The court also erred in refusing to strike out the testimony of M. Hitchins as to the market value of the realty. This witness admitted on cross-examination that he did not know its market value, and it is extremely doubtful if, on direct examination, he showed himself qualified to speak upon the issue. Had the witness been examined on voir dire and so answered, it is clear the court should have refused to permit him to testify as to its market value. The witness Farris qualified and was properly permitted to testify.

No other action of the trial court which if error is likely to recur upon another trial. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*