### SYDNEY WEBB & COMPANY v. J. P. DAGGETT.

Decided May 10, 1905.

**1.—Value—Proof of—Damages—Lease—Improvements Destroyed.**

Where in an action by a landlord against his tenant for damages resulting from the breach of a lease contract in the destruction and removal of improvements that had been on the land at the time it was leased, the evidence showed that neither the land nor the improvements had a market value, plaintiff was entitled to prove and recover the reasonable value of the improvements.

**2.—Same—Opinion—Deterioration.**

The deterioration in value of such property as houses, fences and other improvements could be established by the opinions of witnesses familiar with such matter.

**3.—Same—Harmless Error.**

Error, if any, in admitting such opinion evidence was harmless where, by direct and uncontroverted evidence, it was shown that property of a greater value than the sum found by the jury was completely destroyed.

Appeal from the District Court of Baylor. Tried below before Hon. J. M. Morgan.

*Glasgo & Kenan* and *Montgomery & Hughes,* for appellants.—The testimony of Daggett, as to deterioration in value, was as to a conclusion, both of law and fact, and was not, therefore, competent evidence, as a witness may testify only to facts, and the jury must draw the conclusions therefrom after being instructed as to the law by the court. Railway Co. v. Wright, 21 S. W. Rep., 80; Fort Worth & D. C. Ry. Co. v. Armstrong, 21 S. W. Rep., 607; Donald v. Carpenter, 27 S. W. Rep., 1053; Galveston, H. & S. A. Ry. Co. v. Wesch, 85 Texas, 598; Texas & P. Ry. Co. v. Barber, 30 S. W. Rep., 500; Gulf, C. & S. F. Ry. Co. v. Hughes, 31 S. W. Rep., 411.

*Morgan Bryan* and *D. A. Holman,* for appellee.—In cases exceptional in character, that rule for the measure of damages must be applied which will most nearly compensate for the loss sustained. Express Co. v. Association, 81 Texas, 81; Railway v. Becht, 21 S. W. Rep., 971; Railway v. Gorman, 21 S. W. Rep., 158; Railway v. Smith, 46 S. W. Rep., 1046; Highland v. Railway Co., 65 S. W. Rep., 650; Daggett v. Webb, 70 S. W. Rep., 457; City of Dallas v. Allen, 40 S. W. Rep., 324; Pacific Exp. Co. v. Smith, 16 S. W. Rep., 998; Sinclair v. Stanley, 64 Texas, 75.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover

damages from appellants growing out of the breach of a lease contract. The cause was tried by jury, and resulted in a verdict and judgment for appellee in the sum of $250. This is a second appeal, the first being reported in 30 Texas Civ. App., 415, 70 S. W. Rep., 457.

Appellants, on May 1, 1895, entered into a contract with appellee for the lease of his land, consisting of nearly 3,000 acres, for a term extending from the date above given to October 1, 1900, as to a part of the land, and to May 1, 1900, as to the other part. Appended to the lease appears the following stipulation, which was signed by appellants:

"Sydney Webb & Co. agrees to keep the place in as good shape as it now is, with the exception of usual wear and tear, and deliver the same back to J. P. Daggett in that shape."

· Improvements largely in excess of the verdict of the jury were shown to have disappeared from the land at the time possession of it was delivered to appellants.

The ordinary measure of damages in such cases, as stated in the decision on a former appeal of this case, is the difference in the value of the land at the time it was delivered into the possession of the tenant and at the time when the premises were returned into the possession of the owner. But it is the rule in all cases, where market value is made the standard by which damages are to be calculated, that compensation will not be denied where there is no market value by which to measure the damages, but some other measure will be resorted to that will give compensation for the loss sustained by the wrongful conduct of another. (Pacific Exp. Co. v. Lasker, 81 Texas, 81.) If this is not one of the exceptional cases mentioned in the opinion cited, it is difficult to conceive of one, for it was proved that neither the land nor the improvements had any market value. It is true that, in the case of Railway v. Hitchins (26 Texas Civ. App., 400, 63 S. W. Rep., 1069), the Court of Civil Appeals of the First District held that the measure of damages in such cases is the difference between the value of the land before and after the injury to houses, fences, etc., whether the land had any market value or not, which appears not to strictly conform to the law as stated in Express Co. v. Lasker, yet the Railway-Hitchins case is easily distinguishable from the present case, as in that case the suit was for damages done to the freehold, and in this it is a suit for the value of property destroyed and injured.

That our construction of the opinion in Railway v. Hitchins is the correct one is demonstrated, we think, by the fact that in the case of Highland v. Railway Co. (65 S. W. Rep., 649) the same court, and, indeed, the same justice of that court, held as we hold in this case. The court said: "Facts and circumstances as to the cost of a new building of like character as the one destroyed, and the extent to which the old building had deteriorated by reason of age and use, were testified to by plaintiff; and from these the jury could have fairly determined the extent of his intrinsic loss in the absence of market value. That measure of damage should be adopted in each case which will most nearly compensate for the loss sustained." The evidence in the present case showed that neither land nor improvements had any market value either before or after the damages were sustained, and to in-

sist on the ordinary rule in such cases would deprive appellee of any compensation for his loss.

The deterioration in value of such property as houses, fences and other improvements, must necessarily be arrived at through the opinions of those acquainted with such matter. It would be utterly impossible to obtain testimony that would positively fix the amount of loss in value by use and age, so as to arrive at the sum to a mathematical certainty, and the opinions and estimates of witnesses would be necessary in order to arrive at such deterioration. Even if such evidence had been improper, it could not have injured appellants, for the reason that, by uncontroverted evidence, it was shown that property of a greater value than the sum found by the jury was completely destroyed, and the evidence as to its value was shown without the aid of opinions or conclusions.

There is no error in the record requiring a reversal of the judgment, and it will therefore be affirmed.

*Affirmed.*