Galveston, Harrisburg & San Antonio Railway Company v. Gus C. Warnecke.

Decided May 1, 1906.

**1.—Destruction of Orchard—Measure of Damage.**

In a suit for the value of fruit trees destroyed by the negligence of defendant the difference in value of the land, on which the orchard was situated, before and after the destruction of the trees, is not the proper measure of damages.

**2.—Same.**

The owner of land upon which growing trees have been destroyed by the negligence of another may either sue to recover damages for the injury to his land caused by the loss of the trees, or may sue for the value of the trees, and under some circumstances both claims for damage might be asserted. But the two causes of action are separate and distinct, and subject to different rules as to the measure of damage. In the latter case the measure of damage is the value of the trees when detached from the soil. Texas & Pac. Ry. Co. v. Gorman, 2 Texas Civ. App., 144, discussed.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Barker & Garwood, Andrews, Ball & Streetman,* and *C. L. Carter,* for appellant.—The court erred in submitting to the jury as the measure of damages the "fair valuation for the trees destroyed," the proper measure being the difference in the value of the real estate before

and after the trees were damaged or destroyed. Pacific Express Co. v. Lasker Real Estate Co., 81 Texas, 81; Houston & T. C. v. Smith, 46 S. W. Rep., 1046; International & G. N. Ry. v. McIver, 40 S. W. Rep., 438; Texas & Pac. Ry. v. Levi, 59 Texas, 675; Texas & Pac. Ry. v. Wallace, 74 Texas, 581; Missouri Pacific v. Cullers, 81 Texas, 389; Gulf, C. & S. F. Ry. v. Cusenberry, 5 Texas Civ. App., 114; Dwight v. Elmira, C. & N. Ry. Co., 132 N. Y., 200; Rowe v. Chicago & N. W. Ry., 102 Iowa, 287; Lousiville, E. & St. L. Ry. v. Spencer, 149 Ill., 97; Missouri Pac. Ry. v. Haynes, 42 Pac. Rep., 259; St. Louis & S. F. Ry. v. Hoover, 43 Pac. Rep., 854; Hays v. Pittsburg, G. S. & St. L. Ry., 47 N. E. Rep., 261; Baltimore & O. Ry. v. Countryman, 44 N. E. Rep., 266; 3 Elliott on Railways, sec. 1239, p. 1930.

The court erred in refusing to give the following special charges requested by defendant: "Should you find for the plaintiff under the instructions contained in the court's general charge, in estimating his damages, if any, you will not consider any damages that may have been caused to any of his trees which have been shown by the evidence to have been of no value when removed from the ground where they were growing, and you will assess his damages, if any, at the reasonable value of such fruit trees as had a market value when removed from the premises where they were growing."

"Growing fruit trees, which are attached to the soil and have no value separate and apart from the soil, are a part of the land upon which they are growing. Under the pleading in this case, should you find for the plaintiff, in assessing his damages, if any, you will find for him only the reasonable value of such of his fruit trees as you may find from the evidence were capable of being removed from the soil, as plaintiff can not recover for any trees shown to have been of no value detached from the ground upon which they were growing."

*O. T. Holt* and *Cobb & Campbell*, for appellee.—The proper measure of damage in this case was the value of the trees destroyed, and the court did not err in giving to the jury that portion of the general charge complained of. Houston & T. C. Ry. v. Smith, 46 S. W. Rep., 1046; Texas & Pac. Ry. v. Gorman, 2 Texas Civ. App., 145; Tyler, S. E. Ry. v. Hitchins, 63 S. W. Rep., 1070; Highland y. Houston, E. & W. T. Ry., 65 S. W. Rep., 650; Bailey v. Chicago, M. & St. P. Ry., 54 N. W. Rep., 596; Kansas City & O. Ry. v. Rogers, 67 N. W. Rep., 602; Fremont, E. & M. Ry. v. Crum, 46 N. W. Rep., 218; Matthews v. Missouri Pac. Ry., 10 Am. & Eng. Ry. Cases, 685; Missouri, K. & T. Ry. v. Lycan, 47 Pac. Rep., 526; Atchison, T. & S. F. Ry. v. Emerson, 8 Am. & Eng. Ry. Cases, 664; Atchison, T. & S. F. Ry. v. Geiser, 33 Am. & Eng. Ry. Cases, 97.

Where the plaintiff's cause of action is to recover the value of growing fruit trees, owned by him, and alleged to have been destroyed by fire, negligently set out by defendant, such trees being shown to have no market value separate and apart from the soil to which they are attached, and in which they are growing, the proper measure of damage is the reasonable intrinsic value of the trees to the owner, considering their location, condition and purpose for which the owner was using or might use the same. City of Dallas v. Allen, 40 S. W. Rep., 325; International

& G. N. Ry. v. Nicholson, 61 Texas, 553; Sinclair v. Stanley, 64 Texas, 74; International & G. N. Ry. v. Searight, 28 S. W. Rep., 39, and authorities therein cited; San Antonio & A. P. Ry. v. Stone, 60 S. W. Rep., 461.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee against the appellant to recover the value of fruit trees and vines alleged to have been destroyed by fire caused by the negligence of appellant. The number and kind of the trees and vines destroyed and the value of each is alleged, the total amount sued for being $10,075.

The evidence shows that an orchard owned by plaintiff and situated near defendant's railway line in Harris County was destroyed by fire on the first day of May, 1903; and there was evidence tending to show that the fire was caused by a spark from one of appellant's engines. The evidence further shows that the fruit trees and vines destroyed by said fire when attached to the soil were worth the aggregate sum of $1,511.50, the amount recovered by plaintiff in the court below, but that none of them had any value when separated from the soil except the fig trees which could be replanted. Upon this evidence the trial court gave the jury the following instruction:

"You are charged that if you believe from the evidence that the defendant's engine set fire to the plaintiff's premises at the time and place charged in the petition, and that thereby the plaintiff's trees were destroyed as alleged by him, then you will find for the plaintiff a fair valuation for the trees so destroyed, if any. If you find for the plaintiff, you will find the amount, if any, for loss of the different kinds of trees that are claimed to have been destroyed, if any, setting forth the value of each kind of tree destroyed, if any."

Under the fourth assignment of error appellant complains of this charge on the ground that it sumbits a wrong measure of damages, the contention being that the proper measure of plaintiff's damage was the difference in value of the land upon which the orchard was situated before and after the destruction of the trees.

We think the assignment should be overruled. The measure of damage contended for by appellant was not applicable to the case made by the petition. While the charge complained of is inaccurate because it did not limit the amount of plaintiff's recovery to the value of the trees when separated from the soil, it is not subject to the objection presented by the assignment.

Appellant requested the court to give the jury the following instruction:

"Should you find for the plaintiff under the instructions contained in the court's general charge, in estimating his damages, if any, you will not consider any damages that may have been caused to any of his trees which have been shown by the evidence to have been of no value when removed from the ground where they were growing, and you will assess his damages, if any, at the reasonable value of such fruit trees as had a market value when removed from the premises where they were growing."

"Growing fruit trees, which are attached to the soil and have no value separate and apart from the soil, are a part of the land upon which they

are growing. Under the pleading in this case, should you find for the plaintiff, in assessing his damages, if any, you will find for him only the reasonable value of such of his fruit trees as you may find from the evidence were capable of being removed from the soil, as plaintiff can not recover for any trees shown to have been of no value detached from the ground upon which they were growing."

We understand the law to be that the owner of land upon which growing trees have been destroyed by the negligence of another may sue to recover damages for the injury caused his land by the loss of the trees, or may sue for the value of the trees, and under some circumstances both claims for damage might be asserted; but when the injured party sues only to recover the value of the trees his measure of damage is their value when detached from the soil, and if they have no value when separated from the land the only cause of action which arises from their destruction is one for damages for injury to the land, the measure of damage in such case being the difference between the value of the land before and after the injury.

The exact question presented in this case does not seem to have been decided in this State, and there is conflict in the authorities on the subject, but we think the better reason and the weight of authority supports the rule above stated. All of the authorities hold that growing trees are a part of the realty to which they are attached, and the destruction of the trees is an injury to the realty for which an action will lie. If the trees have a value when detached from the realty the injured party is not restricted in his remedy to a suit for injury to the realty, but may sue for the value of the trees, or he may combine both causes of action in one suit.

The two causes of action are, however, separate and distinct and subject to different rules as to the measure of damage. If the suit is for damage to the realty the plaintiff could not be restricted in his recovery to the value of the trees when detached from the soil, and we think it equally clear that in a suit for the value of the trees their value when attached to the soil, or the amount of injury occasioned the realty by their destruction, is not the proper measure of damage. (Houston & T. C. Ry. Co. v. Smith, 46 S. W. Rep., 1046; International & G. N. Ry. Co. v. McIver, 40 S. W. Rep., 438; Dwight v. Elmira, C. & N. Ry. Co., 132 N. Y., 200; Pacific Express Co. v. Lasker, 81 Texas, 81; Texas & Pac. Ry. Co. v. Levi, 59 Texas, 675.)

The distinction between the two causes of action is illustrated by the line of decisions in this State holding that the burning of grass roots or sod is an injury to the land, and the measure of damage in such case is the difference between the value of the land before and after the destruction of the sod; but if the suit is one to recover the value of the grass destroyed the value of the grass either for pasturage purposes or as hay may be shown and recovered. The only accurate means of determining the value of the sod or turf, it having no value when separated from the soil, is by showing the difference in the value of the land before and after its destruction, and this can only be done in a suit to recover damages for injury to the realty. We think growing fruit trees, which can not be transplanted and have no value when detached from the soil, bear the same relation to the land as the turf or sod, and

damages for the destruction of either can only be recovered in a suit for damages for injury to the realty.

Where an orchard is destroyed by the act of a tort feasor the owner is entitled to recover for the injury to his realty caused by such tort, and the defendant will not be heard to say that "although I have destroyed your orchard, your land if used for other purposes will produce as much or more revenue, and therefore you have not been injured." The owner of land is entitled to use his property for any lawful purpose he may desire, and when its value for that purpose is decreased by the wrongful act of another he is entitled to recover as damages the difference between its value for the purposes for which he desired to use it before and after the commission of the tort. (Texas & Pac. Ry. Co. v. Wallace, 74 Texas, 581.)

We do not regard the opinion in the case of Texas & Pac. Ry. Co. v. Gorman, 2 Texas Civ. App., 144, cited and relied on by appellee, as necessarily in conflict with these conclusions. It does not appear from the report of the case that the trees, for the value of which the suit was brought, did not have a value when detached from the soil which could be accurately ascertained, but on the contrary it may be inferred from the proposition advanced by the appellee in that case in support of the judgment that such value was shown. The only point which seems to have been expressly decided was that the plaintiff in suits of this kind may waive the damage to his land and sue to recover the value of the property destroyed. The following quotation from the opinion indicates the extent to which the question we are called upon to decide was involved in that case, and we think shows that the case is not authority for the proposition that in a suit to recover the value of growing trees, which are shown to have no value when separated from the soil, it is competent to prove and recover their value when attached to the soil. The court say:

"Appellant complains that the measure of damage applied by the court below for the destruction of the growing fruit trees and vines was their cash value, when they should have been treated as a part of the land, and its lessened value the proper measure.

"A number of decisions in such cases recognize as correct the rule adopted by the court below. (Whitbeck v. New York Cent. Ry., 36 Barb., 644; Norfolk & W. Ry. Co. v. Bohannan, 7 S. E. Rep., 236; Montgomery v. Locke, 72 Cal., 75.) Other authorities, however, perhaps with better reason, adopt the rule contended for by appellant. (3 Sedg. on Dam., 933, 934.) This rule, however, is generally adopted for the benefit of the owner of the land, and not for the one causing the injury, upon the manifestly just-ground that by the destruction of a valuable fruit, ornamental or shade tree, the value of the land may be lessened in an amount many times the value of the tree itself, and in such case the rule adopted by the court below would not furnish adequate compensation.

"We believe where the thing injured or destroyed is a part of the realty, the lessened value of the land will come nearer furnishing a just rule in its application to all cases than the one adopted by the court (Pacific Express Company v. Lasker Real Estate Association, 81 Texas, 81), but we do not believe appellant is in a position to complain that a

different rule was applied to it in this case. If appellee is willing to accept the cash value of his trees and waive the incidental damage, if any, done by their destruction to his farm, it would seem that appellant should be satisfied."

Where the property destroyed is a part of the realty and has no value when detached therefrom the only cause of action which arises from its destruction is one for damages for injury to the realty, and to allow appellee in this case to recover the value of the trees when attached to the soil would in effect allow him to recover for the injury to his land, for which he has not sued.

We are of opinion that the trial court erred in refusing to give the requested instruction, and its judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*