MISSOURI, K. & T. RY. CO. OF TEXAS v. MITCHELL. (No. 7856.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 14, 1914. Rehearing Denied March 14, 1914.)

1. DAMAGES (§ 111*) — FIRES — MEASURE OF DAMAGES—DESTRUCTION OF BUILDING.

An instruction, on the measure of damages for the destruction by fire of plaintiff's building, which allowed recovery for the reasonable value of the building just before the fire, is not erroneous, although the plaintiff owned the lot, and the true measure of damages was the difference in the value of the lot before and after the fire,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

since the result under each rule would be the same if the value of the building was properly appraised.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 274–278; Dec. Dig. § 111.*]

2. DAMAGES (§ 188*)—FIRES—EVIDENCE.

In an action against a railroad company for the destruction of plaintiff's building and the fixtures therein by fire, evidence *held* sufficient to support a verdict for $1,050, even though the plaintiff had rendered the lot and the improvements thereon for taxation at $150.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. § 188.*]

Appeal from District Court, Cooke County; C. F. Spencer, Judge.

Action by B. F. Mitchell against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for the plaintiff, and defendant appeals. Affirmed.

Garnett & Garnett, of Gainesville, for appellant. Culp & Culp and Granville Jones, all of Gainesville, for appellee.

SPEER, J. B. F. Mitchell sued the Missouri, Kansas & Texas Railway Company of Texas to recover damages for the destruction by fire through the defendant's negligence of a store building, together with certain store fixtures therein situated, in the village of Woodbine in Cooke county. There was a jury trial resulting in a verdict and judgment in plaintiff's favor for the sum of $1,050, and the defendant has appealed.

[1] The charge of the court on the measure of appellee's damage is made the basis for appellant's complaint in the first five assignments of error. The charge is as follows: "If you find in favor of the plaintiff, you will assess his damage at such sum as you believe from the evidence was the reasonable value of the store building just immediately before the fire, not to exceed the amount sued for on account of the burning of the house, and what you believe from the evidence was the fair and reasonable market value of the fixtures burned, at Gainesville, at the time of the fire, less the cost of transporting said fixtures to Gainesville, not to exceed the amount sued for on account of the burning of said fixtures, together with 6 per cent. interest on such sums from September 9, 1911, to this date." It is the contention of appellant that since appellee alleged, and the evidence showed without conflict, that he was the owner, not only of the house, but of the lot upon which it stood, at the time of its destruction, the house therefore constituted a part of the land, and the measure of his damage was the difference in the value of said lot just before and just after the destruction of the house. Ordinarily this is the true measure of damages, especially where the plaintiff sues for the damage to his realty. But cases may arise in which the injured party may sue for

and recover the value of fixtures attached to the realty independently of the incidental damage to the realty. Galveston, etc., Ry. Co. v. Warnecke, 43 Tex. Civ. App. 83, 95 S. W. 600; Tex. Mid. R. R. Co. v. Moore, 74 S. W. 942; Tyler S. E. Ry. Co. v. Hitchins, 26 Tex. Civ. App. 400, 63 S. W. 1069; H. & T. C. Ry. Co. v. Smith, 46 S. W. 1046. Compensation for the loss sustained is the end sought by the law in all cases, and while a plaintiff undoubtedly would be entitled in a case like the present to recover the difference in the value of his land immediately before and immediately after the fire, and while this perhaps is the better and safer rule for all cases, yet there is no sound reason for denying him the right to recover the market value, or the real value in the absence of a market value, of the improvements or fixtures destroyed considered separate and apart from the realty; for, if such values be justly appraised by the jury, the damages when thus measured can by no possibility exceed the damages when measured by the rule first stated. A defendant in such a case has no just complaint that the plaintiff recovers only the value of such improvements, which loss he necessarily has sustained, and is not allowed to recover the additional depreciation of his land by reason of the severance of the fixtures from the realty.

The case of Pacific Express Co. v. Lasker, 81 Tex. 81, 16 S. W. 792, is in no wise contrary to this holding. There the charge permitted the plaintiff to recover the cost of restoring the burned building; whereas, as pointed out in that case, the cost of restoring a burned building might far exceed the market or real value of such building. In the present case the jury were limited to the reasonable value of the building immediately before the fire, and this meant, of course, considering its age, location, and all other circumstances bearing upon such value.

[2] While there is some conflict in the evidence, it is nevertheless sufficient to support the verdict and judgment in the amount of the recovery. Two or three witnesses, who appear to know, testified that appellee's building was worth some $1,100 to $1,200. Perhaps the strongest evidence against the verdict is that of appellee's admission that he rendered the lot and improvements for taxation for the years 1910 and 1911 at $150, but this circumstance is by no means conclusive on appellee, especially in view of the known custom of property owners in this state to render their property for taxation at a sum very much less than its market value, as contemplated by the statutes. The rendition at most is only admissible as in the nature of an admission against interest.

There is no error in the judgment, and it is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes