**ΓEXAS & N. O. R. CO. v. JEFF CHAISON
TOWN–SITE CO. (No. 1452.)**

(Court of Civil Appeals of Texas. Beaumont.
Jan. 19, 1927. Rehearing Denied
Feb. 9, 1927.)

1. **Damages ⬾111—Measure of damages for destruction of house by derailed railroad cars is difference in value of realty before and after damage, with interest.**

Proper measure of damages for destruction of house, caused by derailed railroad cars running against it, is difference between value of realty just before the house was destroyed and immediately afterwards, with interest, rather than the cost of rebuilding the house.

2. **Damages ⬾159(5)—Petition held based not on loss of actual rent, because of danger from derailment of railroad cars, but on loss of reasonable value of rent, and not at variance with proof.**

Petition, alleging that plaintiff was required to and did reduce rent $2 per house per month less then what would have been the reasonable market value of the rent, but for the danger from derailment of railroad cars, held not based on loss of actual rent, but on loss of reasonable market value thereof, and not at variance with proof that plaintiff could not raise the rent $2 per house per month as he did for other houses because of this danger.

3. **Pleading ⬾35—In suit for loss of reasonable value of rent resulting from danger from derailment of railroad cars, allegation of reduction of rent held surplusage.**

In suit against railroad for loss of reasonable value of rent resulting from danger of railroad cars running off a switch against houses, allegations that plaintiff did reduce rent held surplusage, and subject to special exception, in absence of special knowledge by the railroad of plaintiff's contracts with its tenants.

4. **Damages ⬾39, 44—Expense of storage and loss of rent during rebuilding held not elements of damage for destruction of house by derailed railroad cars.**

In suit against railroad for damages resulting from railroad cars running off switch into a rented house, held, that the expense of storing tenant's goods and the loss of rent while house was being rebuilt were not proper elements of damage.

On Motion for Rehearing.

5. **Damages ⬾208(1)—Whether loss of rent from entire row of houses proximately resulted from derailment of railroad cars held for jury.**

Where railroad cars had run off switch and damaged some of a row of 15 houses, held, that whether loss in rent from all of the houses proximately resulted from danger from derailment of railroad cars was a question for the jury.

6. **Railroads ⬾222(2)—Nuisance from railroad running cars off switch into house held abatable.**

Where row of 15 houses faced open end of switch, and railroad had three times run its cars off the switch and damaged the houses, held, that the nuisance was subject to abatement.

7. **Limitation of actions ⬾55(6)—Suit, based on danger from derailment of railroad cars, held not for permanent injury, but for loss of rent accruing within two years, and timely (Vernon's Ann. Civ. St. 1925, art. 5526).**

Where railroad cars had three times run off the open end of a switch and damaged some of a row of 15 houses facing it, and the owner alleged that he was required to reduce the rent below what would otherwise have been the market value thereof, held, that suit was not based on permanent injury to the realty, since the nuisance was abatable, but was based on loss of rent, and that, since this loss had accrued within two years, the claim was not barred by the two-year statute of limitations (Vernon's Ann. Civ. St. 1925, art. 5526).

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by the Jeff Chaison Town-Site Company against the Texas & New Orleans Rail-

---

road Company. Judgment for plaintiff, and defendant appeals. Affirmed in part, and in part reversed and remanded, with instructions.

F. J. & C. T. Duff, of Beaumont, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, J. This suit was brought by appellee against appellant to recover damages for the loss of rent and for the destruction of property occasioned by the negligence of appellant. Negligence was conceded. Appellee owns a row of rent houses facing appellant's right of way and the open end of one of appellant's switches in the town of Beaumont. Three times appellant ran its cars off this switch and against one or two of appellee's tenant houses, causing damage each time. For the first and second collisions the parties made satisfactory adjustment. The third time one of appellee's houses was completely destroyed and another was seriously damaged. Appellee repaired the damaged house at a cost of possibly $100, but rebuilt the other. This suit was for the cost incurred in rebuilding the house, for the damages to the house, and for the loss of rent on all the string of houses occasioned by the risk that tenants incurred in living in the houses.

By its pleadings and proof, appellee fixed its measure of damages at the cost incurred in rebuilding the house. It attached to its petition an itemized statement of the cost of the labor and material, all of which was fully sustained by the proof. Judgment for appellee was entered in the sum of $1,572.69, being (a) $823.69, "the cost of rebuilding said house"; (b) $720, "the cost of rent"; (c) $12, the cost to appellee of storing the goods of his tenant while the house was being rebuilt; (d) $17, "the rental value and the value of the use of said house from the time it was demolished as alleged and the time it was rebuilt."

[1] The court erred in rendering judgment in favor of appellee for the cost incurred by it in rebuilding the house that appellant's negligence had destroyed. At the time of its destruction, this house was a part of the realty, and appellee's proper measure of damages was the value of the realty (which, of course, included the house) just before the house was destroyed and immediately after its destruction, with interest. Whatever may be the rule in other jurisdictions (and appellee has cited many authorities from other jurisdictions), our Supreme Court, in Express Company v. Real Estate Association, 81 Tex. 81, 16 S. W. 792, has clearly announced the rule as we have stated it, and this case was subsequently followed by Judge Gill in Railway Company v. Hitchins, 26 Tex.

Civ. App. 400, 63 S. W. 1070. The reasons for the rule are so clearly stated by the Supreme Court in the case just cited that it is not necessary to enter further into a discussion of the point involved. We find no facts in this record distinguishing it in the least from Express Company v. Real Estate Association, supra; in fact, the facts of this case are stronger in favor of the rule than the facts in that case. Appellee's house was old at the time it was destroyed, had been seriously damaged twice before, was an old secondhand house when it was moved upon appellee's property; appellee had been compensated for the previous injuries. In lieu of this old damaged house, appellee now has a new house, built, under the evidence, by competent contractors and of good material. To award appellee the full value of this new house would more than compensate it for the injuries received.

[2, 3] As already said, appellee was awarded $720 for the loss of rent occasioned by the hazard to its property created by appellant's negligence. On this issue the pleading was:

"That the plaintiff was required to and did reduce the rent on the row of houses * * * $2 per house per month * * * less than what would have been the reasonable market value of the rent and use of said houses but for said menace and danger created and maintained by the defendant as herein alleged."

The proof was:

"At the time this spur track was constructed I was renting all my houses in Cement street for $12. I increased the rent on the street opposite to $14 when the rent went up. That was about the year 1917 or 1918. I did not increase the rent on the Cement street property at that time. I didn't attempt to do so because I couldn't when the railroad was in the way, and I raised on others, but not on them. That was about 1918; yes. I knew the reason I couldn't increase my rent on Cement street was on account of the railroad track."

We overrule appellant's assignment of a variance between the allegations and the proof. As we construe its plea, appellee was asking for the loss suffered by it in the reasonable rental "market value" of its property, to which it was clearly entitled. The allegation that it did reduce the rent was surplusage and subject to special exception, in the absence of special knowledge on the part of appellant of appellee's contracts with its tenants.

The cause of action for the loss of rent was not barred by the statutes of limitation. This cause of action was not based upon a depreciation in the value of the premises, but was only for the loss of rents occasioned by the nuisance complained of. Limitation did not begin to run until the loss accrued, which, for the damages sued for, was within two years from the filing of this suit. Railway Company v. Anderson, 79 Tex. 427, 15

S. W. 484, 23 Am. St. Rep. 350; Railway Company v. Kyle (Tex. Civ. App.) 101 S. W. 272; City of Houston v. Merkel (Tex. Civ. App.) 153 S. W. 385; Grossman v. Railway Company, 99 Tex. 641, 92 S. W. 836.

[4] Appellee's damages for the expense incurred by it in storing its tenant's goods in the sum of $12, and for the loss of rent while the new house was being erected, in the sum of $17, were not recoverable. Appellee will be fully compensated when its damages are measured by the rule announced in Express Company v. Real Estate Association, supra.

It follows that the trial court's judgment for the loss of rent in the sum of $720 must be affirmed, and for the damages to the house in the sum of $823.69, and the other two items of $12 and $17, must be reversed, and the cause remanded for a new trial, under the instructions herein given, and it is accordingly so ordered.

Affirmed in part,· and in part reversed and remanded.

### On Motion for Rehearing.

Appellant, on rehearing, assigns the following errors against our original opinion:

(1) "Because the court erred in not holding that there was a variance between the allegation and the proof and in holding that the allegation in plaintiff's petition 'that it did reduce the rent was surplusage and subject to special exception.' "

This proposition was discussed in our original opinion, and, we think, satisfactorily disposed of.

[5] (2) "Because the Court of Civil Appeals erred in its judgment in holding that the plaintiff was entitled to recover the loss of rent at $2 per month per building for the 15 houses on Cement street and in its opinion in stating 'as we construed its plea, appellee was asking for the loss suffered by it in the reasonable rental market value of its property to which it was clearly entitled.' "

As we understand appellant's proposition, its chief complaint is' that the damages awarded against it "were not the proximate result of the wrong complained of." The following additional quotation from the statement of facts shows that the damages recovered were "the proximate result of the wrong complained of."

"The buildings from the fourth house on the west and in an easterly direction were never damaged or hurt by the railroad track. The way that the construction of the railroad track interfered with the renting of buildings on the east end of Cement street, you know when you have a row of houses, you cut one down, you cut the whole row. They require uniformity."

The witness who gave this testimony was an expert on the values of rental property in the city of Beaumont. He had in charge other rent property of the same class as the property in question. It was his testimony that—

"When you have a row of houses, you cut one down, you cut the whole row. They require uniformity."

It seems to us that this evidence has in it every essential element to raise for the jury the issue that the damages suffered proximately resulted from the wrong of appellant. It does not contest the issue of a reduced rental value for the injured house. Under the rules governing rental property such as the property in question, a reduction in the rent of one house in a row requires a reduction of all the houses in the row. That was the clear statement of the witness. The reduction in value of the injured house was the result of appellant's wrongful act. The reduction in value of the other houses resulted proximately from that wrong.

[6, 7] (3) "Because the court erred in holding that plaintiff's cause of action, if any it had, was not barred by the statute of two-year limitation."

In support of this proposition, appellant cites 37 Corpus Juris, 887, where the following rule is announced:

"Wherever the nuisance is of such a character that its continuance is necessarily an injury, and where it is of a permanent character that will continue without change from any cause but human labor, there the damage is an original damage, and may be at once fully compensated."

As we understand the many decisions of our courts, they support the following rule, announced in Trinity Portland Cement Co. v. Horton (Tex. Civ. App.) 214 S. W. 510:

"Where a structure, however substantial or permanent it may be as to its physical characteristics, is not legally established or for the public welfare, if it is or becomes a nuisance it is abatable. The reason underlying the right to recover damages for injury caused by nuisance is to procure its abatement. It is apparently the theory that one will not maintain a continuing nuisance which is subject to successive suits for recurring injury."

The nuisance which formed the basis of appellee's cause of action was abatable. There was nothing in the pleadings of either party to indicate that it was treated by them as permanent, or as nonabatable. There was no suggestion in the pleadings that it was the purpose of appellant to continue its switch in its dangerous condition and thereby create a permanent injury to appellee's real estate. In fact, the record shows that appellant was ordered to abate the nuisance in a prior suit by appellee, and that appellee's property is no longer depreciated in its rental value thereby. Had appellee, before the bar of limitation matured, sued for a permanent injury to its real

estate, it could have asked in the same suit for an abatement of the nuisance upon which the injury was predicated, to which it would have been entitled, as this nuisance was abatable.

Thus, if appellant is correct in saying that appellee could have recovered as for a permanent injury, it would have been granted a double relief, which, in the facts of this case, it was not entitled to. Wichita Falls Electric Co. v. Huey (Tex. Civ. App.) 246 S. W. 692, and authorities therein cited.

We think appellant's assignment on the issue of limitation was correctly disposed of on the original opinion. Most of the leading authorities of this state on the question involved are cited, and some of them reviewed, in Trinity Portland Cement Company v. Horton, supra.

The motion for rehearing is overruled.