## MARSHALL v. WHITE et al.
### No. 7600.

Court of Civil Appeals of Texas. Austin.

May 20, 1931.

Rehearing Denied June 10, 1931.

Bryan, Cosby, Suhr & Bering, of Houston, for appellant.

Scruggs & Grobe, A. Milton Vance, and Abe W. Wagner, all of Houston, for appellees.

BAUGH, J.

Appellee, joined pro forma by her husband, sued appellant for damages, alleging conversion by appellant in February, 1928, of an electric piano, ceiling fan, and ticket machine, belonging to her and used in the operation of a moving picture show. Appellant, in addition to general and special denials, filed a cross-action for approximately $1,500, claimed to have been expended by him for alterations in one of his buildings in Houston so that same could be used by appellee to operate a moving picture show; alleging that same was so expended by him under an agreement with appellee to lease said property and repay him for all such expenditures. He also alleged that the property here involved was placed in his possession as a pledge to secure the cost to him of said alterations; and asked that his lien thereon be foreclosed along with judgment for his debt. The case was submitted to a jury upon special issues, all of which were found against appellant, and the value of the property found to be $1,450. Appellee admitted that she had agreed to pay as much as $400 on the cost of changing said building, payable monthly, with 8 per cent. interest thereon. Judgment was rendered for appellees for $1,075, from which Marshall has appealed.

The evidence was sharply conflicting on the issues submitted. The findings of the jury are therefore binding on this court where there is sufficient competent evidence to support them. We find that the evidence was sufficient to sustain the jury findings on all issues except the fifth, which was that the reasonable market value at Houston on February 17, 1928, of the piano was $1,000; of the fan, $325; and of the ticket machine, $125. The evidence was sufficient to support the finding as to ticket machine and perhaps as to the fan. But as to the electric piano the only testimony we find on which such finding could be sustained was that of Paul Barracco. This witness was shown to have previously owned or operated several picture shows and at the time to be operating one in Houston for whites and negroes. He had also bought and sold secondhand such equipment as that here in controversy. He testified on direct examination that he had seen said electric piano, and that in his opinion its fair market value was $3,000. After market value was explained to him by the court, on redirect examination he reduced this valuation to $1,500 or $1,600. On cross-examination, however, he testified: "I do not know what it was worth at that time. I do not know how long it was used, I did not examine it."

Appellant moved to strike out as incompetent his testimony as to market value on the ground that he had not properly qualified as to this particular piano. We think the court erred in refusing to do so. His qualifications were as to this character of musical instruments generally. The evidence showed that this particular piano was about 15 years old, was obsolete, had been in use in the oil fields near Beaumont before it was brought to Houston, was secondhand when purchased by appellee, and that it was about worn out. If Barracco's testimony be discarded, there was no testimony which would sustain the value of the piano found by the jury.

The instrument in question was not a common commodity on the market, but an intricate piece of electrical machinery whose value, whether market or intrinsic, must of necessity depend, not upon its outward appearance, but its age, type, the nature, character, and extent of its use, and its mechanical condition. Of necessity, therefore, to know such value requires a knowledge of these matters, of which the witness admitted that he knew nothing. Such an instrument might readily present a good outward appearance, and yet be worthless in its operation. We think that the witness, not only failed to show himself competent to testify as to market value, but under his admissions on cross-examination showed himself not qualified to do so. This rendered his testimony inadmissible and requires a reversal of the case. Waldrop v. Goltzman (Tex. Civ. App.) 202 S. W. 335; Tyler S. E. Ry. Co. v. Hitchins, 26 Tex. Civ. App. 400, 63 S. W. 1069; Ft. Worth & R. G. Ry. Co. v. Bryson & Burns (Tex. Civ. App.) 195 S. W. 1165.

The other errors complained of will probably not occur upon another trial, and the newly discovered evidence can then be available. For the reason stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.