CAGE BROTHERS, Appellant,

v.

H. FRIEDMAN, Appellee.

No. 13335.

Court of Civil Appeals of Texas.

San Antonio.

April 9, 1958.

Rehearing Denied April 23, 1958.

House, Mercer & House, San Antonio, for appellant.

Levey & Goldstein, San Antonio, for appellee.

BARROW, Justice.

This is a suit for damages for trespass upon real estate, brought by appellee, H. Friedman, against appellant, Cage Brothers. The case was tried to a jury and, on the jury verdict, judgment was rendered in favor of appellee. This appeal is from that judgment.

Appellee, Friedman, is the owner of a five-acre tract of land fronting on the Sumerset Road in Bexar County, Texas. Appellant, Cage Brothers, was engaged in highway work as a general contractor for the Texas Highway Department. During the course of the work certain workmen, under a mistake by the superintendent as to the property line, entered upon the premises of appellee and destroyed the fence along the roadside and cleared the trees off

a strip along the front side of appellee's land, which was some 60 feet wide and 150 feet long. It is not disputed that the workmen, by the use of bulldozers, uprooted and destroyed the trees along the front of appellee's property, and it is not disputed that in so doing they were acting within the scope of their employment.

By appellant's first point complaint is made that the court erred in failing to instruct the jury to return a verdict for defendant. By the third point complaint is made that the court should not have submitted Special Issue No. 2 to the jury, because there was no evidence to support the giving of said issue, which inquired if the damages to appellee's property was caused by employees of appellant, Cage Brothers. By the sixth point complaint is made that the court erred in refusing to grant a judgment non obstante veredicto in favor of defendant.

These three points all involve the question of whether the men who caused the damages were employees of Cage Brothers, or whether they were employees of Cecil Ruby Company, a partnership composed of J. C. Ruby, Jack Dalstrom and J. C. Ruby, Jr., and will therefore be discussed jointly.

It is appellant's contention that this particular part of the work was being done by Cecil Ruby Company as independent contractor, that the men doing the work were its employees, and that the evidence conclusively so showed. With this contention we cannot agree. While J. C. Ruby and Jack Dalstrom, as well as W. J. Seldon, one of the partners of Cage Brothers, so testified, there was ample evidence to the contrary. Thus raising a fact question for the jury.

There was evidence that the State Highway Department required all sub-contractors to be listed with and approved by the department; that Cage Brothers had not so listed said Cecil Ruby Company as sub-contractor, and that this particular part of the work was being done by Cage Brothers. There were about one hundred men engaged in this grubbing and clearing work and all of them were carried on the payroll of Cage Brothers. All of them were carried as employees of Cage Brothers on its Workmen's Compensation and on its State and Federal unemployment tax and Social Security reports; and the men were paid by Cage Brothers, by checks which were signed by Jack Dalstrom, who had authority to sign Cage Brothers checks. The evidence is undisputed that J. C. Ruby and Jack Dalstrom were authorized to and did direct the men on the job, and that they were both paid salaries by and carried on the rolls of Cage Brothers as employees, just as the other men. It was also undisputed that Jack Dalstrom was designated as superintendent of the job for Cage Brothers. It was also undisputed that in reply to appellee's claim of the damages sued for herein, W. N. Allan, a partner of the Cage Brothers firm, wrote a letter to appellee's wife, in which he said:

"After talking to Mr. Seldon about the alleged damages done to your place, and then further taking the matter up with Mr. Cage, we have decided that Mr. Ruby, our general superintendent, should come by and survey the situation himself.

"Therefore, after Mr. Ruby is able to go over the matter with you, we will be in a better position to talk to you."

The foregoing evidence was established by several witnesses and admitted largely by appellant's witnesses. Against this evidence we have here a secret sub-contract agreement which never came to light until the trial of this case.

We are not unmindful of the authorities cited by appellant, but we think there is more than slight testimony, and that the evidence is sufficient to meet the test of master and servant relationship as laid down in Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522.

■ By appellant's second point complaint is made that the court erred in submitting Special Issue No. 1 to the jury. As we understand appellant's contention, it is based on the proposition that where there has been a trespass the law presumes some damages, and that a "No" answer would have been contrary to the evidence. We agree with appellant that, ordinarily, where a trespass is committed some damage is presumed. 41–A Tex.Jur., § 11. However, in this case the appellant offered evidence to the effect that the land was not damaged, but was benefited by dozing off the brush. Hence a jury question was presented and the court properly submitted the issue. Moreover, if appellant agrees that some damage is presumed in this case, certainly, it could not have been harmed by the jury's affirmative answer to the question.

By appellant's fourth point complaint is made that the court erred in submitting Special Issue No. 3 to the jury, and by the fifth point, that the court erred in submitting question No. 4.

Question No. 3 inquired as to the market value of the five-acre tract of land immediately before the damage thereto, and Question No. 4, as to the market value of the five-acre tract immediately after the damage thereto. The difference between the amounts found by the jury in answer to these two questions formed the basis for the amount of the judgment.

■ Appellant's contention is that there was no evidence to justify the submission of these issues to the jury. We overrule this contention. Appellee's witness H. R. Hohenberger, who qualified as an expert witness, testified to the value of the tract of land both before and after the damage. The damages found by the jury were far less than that shown by his testimony. There were other witnesses who testified as to the conditions before and after the damage. We think the evidence supports the findings of the jury.

■ In connection with these points, appellant makes the contention that inasmuch as only about one-half acre of land was actually cleared off that it was error to submit the issues as to the value of the entire five-acre tract. We overrule this contention. The proper measure of damages in cases of this character is the diminution in the value of the tract of land involved. Galveston, H. & S. A. Ry. Co. v. Warnecke, 43 Tex.Civ.App. 83, 95 S.W. 600; Abilene & S. Ry. Co. v. Herman, Tex.Civ.App., 47 S.W.2d 915.

Appellant's seventh point is overruled, for the reasons stated in our discussion of the third and fourth points.

By appellant's eighth point complaint is made that the court erred in entering judgment because there is no jury finding that the men who committed the trespass were acting within the scope of their employment. We overrule this point. There is no conflict in the evidence on this issue. It is not contradicted that the men who actually committed the trespass were acting under orders of their superintendent on the job.

■ By appellant's twenty-third and twenty-fourth points complaint is made that the court erred in failing to declare a mistrial on two different occasions. In that connection it appears that while appellant's witnesses Jack Dalstrom and J. C. Ruby were on cross-examination they were each asked if the employees on this job were covered by the workmen's compensation of Cage Brothers, whereupon appellant moved for a mistrial on the ground that it brought insurance into the case, and that it inferred that Cage Brothers "had insurance in the case." We overrule this contention. We do not think appellant was prejudiced thereby. The main issue in the case being whether the men on the job were the employees of Cage Brothers or Cecil Ruby Company, the question as to who carried the workmen's compensation was relevant and material. Moreover, the jury would have

to be naive indeed to get the impression that this had any reference to property damage insurance.

All the remainder of appellant's points complain of the rulings of the court in admitting certain evidence over appellant's objection and in excluding certain evidence offered by appellant. We have examined the record as a whole, and find no harmful error in any of these rulings. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.