THOMPSON & SCOTT v. HART et al.

(Court of Civil Appeals of Texas. Austin. April 9, 1913. Rehearing Denied May 7, 1913.)

1. CONTINUANCE (§ 46*)—ABSENCE OF WITNESSES—DILIGENCE.

An application for a continuance, on the ground of the absence of witnesses, which fails to state in terms that due diligence was used, and which fails to show what efforts the applicant or his attorney had made to ascertain the whereabouts and secure the testimony of the absent witnesses, prior to the beginning of the attorney's illness about two months after serving of citation on the applicant, and which fails to show what was done during the two months, is properly denied for failure to show due diligence.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 132–140; Dec. Dig. § 46.*]

2. CONTINUANCE (§ 20*)—GROUNDS—ABSENCE OF ATTORNEY.

Where the continuing of a case would have seriously interfered with the business of the court and no reason was shown why a member of the firm of a party's attorneys could not have attended the trial, the refusal of a continuance on the ground of the absence of one of the attorneys, who was engaged trying a case in another court, was not an abuse of the trial court's discretion.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 51, 53–57; Dec. Dig. § 20.*]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by P. J. Hart against Thompson & Scott and another. From a judgment for plaintiff against defendants named, they appeal. Affirmed.

In February, 1912, P. J. Hart commenced this suit against the firm of Thompson & Scott, and the Stephenville North & South Texas Railway Company, seeking to recover damages for personal injuries inflicted upon

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

one Roland Hart, a minor. There was a jury trial, which resulted in a verdict and judgment for the plaintiff against Thompson & Scott, and a judgment for the railway company, and Thompson & Scott have appealed.

The only questions presented for our decision are the action of the trial court in overruling and refusing to grant an application for continuance, and in refusing to grant a new trial predicated upon the application for continuance. The application and the action of the court thereon are set out in the bill of exceptions, which reads as follows:

"Be it remembered that when the above styled and numbered cause was called for trial in the district court of Hamilton county on the 2d day of September, 1912, the plaintiff announced ready for trial, and the defendants Thompson & Scott announced not ready for trial, and thereupon presented to the court their application for a continuance; the same being their first application for a continuance, and the said term of court being the appearance term of court, in so far as the said defendants were concerned, and the said application being in words and figures substantially as follows:

" 'P. J. Hart v. Stephenville North & South Texas Railway Company and Thompson & Scott. In the District Court of Hamilton County, Texas, September Term, 1912.

" 'Now come the said defendants, Thompson & Scott, and say they are not ready for trial and cannot safely go to trial at this term of court, and for cause for an order granting them a continuance of this cause until the next term of court show: That upon the service of citation herein upon John P. Scott, a member of the defendant firm, in May of this year, the said defendants employed the firm of Goodson & Goodson, of Comanche, Tex., to represent them in the defense of this suit. Said defendants say that they are nonresidents of this state and reside in the city of St. Louis, and state of Missouri, where their principal office is situate; that not long since, by letter bearing date August 25, 1912, written by Mr. H. N. Goodson, the junior member of the firm of Goodson & Goodson, they were informed of the serious illness of the senior member of the firm, G. H. Goodson, and that on account of the same the said G. H. Goodson would be unable to represent these defendants in the trial of this cause, and further that the illness of the said G. H. Goodson was of so serious a nature that the younger member of the firm, H. N. Goodson, who was a son of said G. H. Goodson, would be unable to leave his father's bedside, and would be unable to be present at the trial of this case at this term of court, and that by reason thereof the said firm withdrew from the case and informed the said defendants that they would be compelled to get another attorney. There-

upon, as soon as they could and heretofore, to wit, on the 26th day of August, 1912, the said defendants employed one Harry P. Lawther, of Dallas, Tex., to represent them in the defense of this suit and turned over to the said Lawther all the facts in their possession relative to the nature of the accident and gave him the names of all the witnesses whose testimony would be material to their defense.

" 'Said defendants further show that from the facts given to the said Lawther by the said defendants, and from the allegations in plaintiff's petition itself, it appears that one H. P. Cooper was the foreman in charge of the work at the time of the accident, and that it is charged that the accident and consequent injury to Roland Hart was due to his negligence. Said defendants show that the said H. P. Cooper is not now in their employ, and that they are informed and believe that he has since said accident and since he left their employ removed from the state of Texas and now resides in the town of Fairbanks, Ariz. Defendants say that since the employment by them of the said Lawther to defend this suit the time has been too short for them to propound interrogatories and take the depositions of the said Cooper; that the testimony of the said Cooper is material to their defense herein, and they cannot safely go to trial without the same; that they expect to prove by the said Cooper that on the day of the accident he was in charge of the work train on the Stephenville North & South Texas Railway, which was engaged in doing finishing work on said railway and was distributing ties off of a flat car on the train; that the train was moving along slowly at about five or six miles an hour; that he personally knew where the ties were needed, and himself was engaged in throwing the ties from the car; that he was ignorant that the said Roland Hart or any other employé was sitting upon the flat car upon which the ties were loaded; that the proper place for said employés to have been riding was in the tool car, and he had ordered them into the tool car before the train started and supposed they were there; that the tie which struck the said Roland Hart and inflicted the injury complained of was not thrown upon the said Hart by the said Cooper, nor was the said Hart struck by the same as it was thrown from the car, but that said tie, after it struck the ground, rebounded and struck the said Hart, inflicting the injury complained of; that such an occurrence was an unusual one, not expected by the said Cooper, was unforeseen by him and unexpected, and was purely an accident; that the said Cooper did not know, as aforesaid, that the said Hart was on the car or was sitting in any position where he could possibly have been injured until he heard the said Hart cry out after the accident.

" 'Said defendants further show that another witness whose testimony is material to their defense herein, without which they cannot safely go to trial, is W. J. Cavanaugh, who was the conductor on the train at the time of the accident; that the said Cavanaugh is at present temporarily residing in the county of Grimes, in the state of Texas, and that since the employment of the said Lawther by the defendants, the time has been too short for him to propound interrogatories and obtain the deposition of the said Cavanaugh; that said defendants expect to prove by the said Cavanaugh that, as aforesaid, he was the conductor on the work train at the time the said Roland Hart was injured; that the said work train was engaged in distributing ties along the roadbed of the said Stephenville North & South Texas Railway wherever the same were needed in dressing the track; that before they started out the said Cooper, who was the foreman of the work, announced that they would distribute some ties along the track where they were needed, and that the manner of distributing the ties, to wit, throwing them from the flat car as the train moved slowly along, was well known to all the employés of the train and to the said Roland Hart; that the said Cavanaugh was standing beside the said Cooper when he threw off the tie, the collision with which by the said Roland Hart resulted in the injury complained of in plaintiff's petition; that when the said tie struck the ground, for some reason which to said witness appeared to be inexplicable and which was unforeseen and unexpected by him, the said tie rebounded and struck the said Roland Hart on the leg where he sat on the side of the car and near the rear end of the car; that said tie was not thrown against said Hart by the said Cooper, nor did the same strike the said Hart as it left the car, but, as before stated, after it struck the ground it rebounded and struck the said leg of the said Roland Hart; and that the same was an accident, pure and simple, and was not due to the fault or negligence of any one.

" 'Defendants further say that another witness whose testimony is material to their defense, and without which they cannot safely go to trial at this term of court, is H. Tyson, and that they are in receipt of a letter from one J. F. Tyson, the father of said H. Tyson, dated August 20, 1912, stating that his son H. Tyson resided in Indian Creek, Tex. Said defendants show that they expect to prove by the said Tyson substantially the same facts as will be testified to by the said Cooper and Cavanaugh. Said defendants say that since the employment of the said Lawther the time has been too short for him to propound interrogatories and obtain the depositions of the said Tyson. Said defendants further show that they expect to procure the testimony of the said witnesses Cooper, Cavanaugh, and Tyson by the next term of this court.

" 'Said defendants further show that the serious illness of the said G. H. Goodson as aforesaid has prevented the said firm of Goodson & Goodson from making the proper preparations for the trial of this case and using the diligence required by the law for obtaining the testimony of the aforesaid witnesses; that the same was entirely unexpected and unavoidable, and that the said defendants' failure to have the said witnesses in attendance on this court, or to have their testimony, has been without any fault on their part or of their attorney; in fact, the same has been rendered impossible by the unfortunate and sad occurrence of the said serious illness of the elder Goodson, as aforesaid. Said defendants further show that this continuance is not sought for delay only, but that justice may be done.

" 'Wherefore, the premises considered, said defendants pray the court to grant them a continuance of this cause until the next term of court. [Signed] Harry P. Lawther, Attorney for Defendants Thompson & Scott.

" 'The State of Texas, County of Dallas.

" 'Before me, the undersigned authority, upon this day personally appeared Harry P. Lawther, who being by me duly sworn, upon his oath says that the matters and things contained in the foregoing application for a continuance are true. [Signed] Harry P. Lawther.

" 'Subscribed and sworn to before me this the 31st day of August, A. D. 1912. [Signed] Livingston M. Mays, Notary Public in and for Dallas County, Texas. [Seal.]'

"In connection with the said application for a continuance, one L. M. Mays, Esq., the attorney who presented the same, informed the court that Mr. Harry P. Lawther, who was the attorney of record for the said defendants, was upon that day engaged in the trial of a case in the district court of Dallas county, and that by reason thereof it was impossible for him to be in attendance upon the court on that day, and that it would be impossible for him to be in attendance on said court for two or three days; and the said Mays respectfully requested the court to pass the same until the said Lawther could get out to Hamilton county to attend the trial of said cause.

"But the court, upon consideration of said application for continuance and of said request to postpone the trial of the cause for two or three days, overruled the said application for a continuance and refused said request to postpone, and thereupon the said cause proceeded to trial in the absence of said defendants' attorney, the said Harry P. Lawther, and in the absence of any attorney to represent them and in their own absence, and in the absence of all of their material witnesses, and resulted in a verdict against these defendants in the sum of $6,-

088, and to this action of the court in thus overruling said first application for continuance and in refusing said request to postpone for a few days the trial of said cause, the defendants, by the said L. M. Mays, who appeared only for the purpose of presenting said application for a continuance and presenting said request for postponement of trial, then and there excepted and now do here except, and pray that this, their bill of exceptions, may be approved and signed by the court and made a part of the record herein, which is accordingly done.

"————————, Judge.

"Harry P. Lawther, Attorney for Defendants.

"I know nothing of this, but have no objection to bill.                Marshall Ferguson.

"In approving the above and foregoing bill of exception I desire to add the following explanation of my conduct in overruling the application for a continuance in question:

"First. The original answer of defendants Thompson & Scott was signed by the firm of 'Lawther & Pope,' and the said answer contained only a general denial and a general demurrer, and there was no plea alleging that Roland Hart had been guilty of contributory negligence.

"Second. The application for a continuance did not show the date when the said Thompson & Scott had been served with citation, and the plaintiff in answer to the application for continuance called the court's attention to the fact that the citation which was served on Thompson & Scott showed that the same was served on May 5, 1912, and the application for a continuance offered no explanation of why Thompson & Scott had not employed counsel to represent them at an earlier date and offered no explanation why the counsel they did employ could not and did not, if they desired the evidence of the witnesses named in the application for a continuance, prepare such depositions as should have been taken during the months of May, June, July, and up to August 23, 1912, and no explanation was offered why the said counsel so employed did not, if they desired the evidence of the said witnesses, exercise due diligence to secure their testimony during said months.

"Third. No explanation was offered why the law firm of Lawther & Pope did not prepare and have filed an application for a commission to take depositions after they were employed; that the district court of Hamilton county convened on August 26, 1912, and on the 26th day of August, 1912, the attorney for Thompson & Scott, Mr. Harry P. Lawther, at the instruction of the court through the district clerk of Hamilton county, Tex., was informed that this case was set down for trial on the 2d day of September, and had been so set for trial on said date at a former term of this court, and that the case would be called for trial on that day, and, the same being a jury case, that the court would expect said case to be tried on that date; that no explanation was offered in the said motion why other member of the firm of Lawther & Pope, to wit, Mr. Pope, defendants' attorney of record, was not present and could not have been present to represent the firm of Thompson & Scott.

"Fourth. No explanation was offered and no reason given by Mr. L. M. Mays, Esq., who presented the application for a continuance, could not and did not appear and represent the interest of the said Thompson & Scott on the trial of the case and at the time the court passed upon the application for a continuance; the court had no reason to believe that the said L. M. Mays would not continue to represent the said Thompson & Scott. In this connection I deem it proper to say that the said L. M. Mays did remain in Hamilton until after the testimony was introduced and the case submitted to the jury, although he was not in the courthouse and did not participate in the trial, stating to the court after the overruling of the application for a continuance that he did not represent the defendants. In this connection, however, it is proper to state that Mr. Mays attended the court and presented the defendants' application for a new trial and presented and conducted the case in the court on motion for new trial, interrogating witnesses on the hearing thereof, and he has also further represented the defendant to the extent of presenting and having approved this bill of exception. In this connection, I wish to say that Mr. Mays appears to be an exceedingly capable lawyer, and I am unable to see any reason why he could not have represented the defendants on the trial of the case in an efficient and able way.

"Fifth. The motion for a continuance disclosed on its face that each and all of the witnesses on account of whose testimony a continuance was sought was present on the flat car at the time the plaintiff was alleged to have been injured, and would have testified to plaintiff's injuries substantially as plaintiff did himself—that is, that plaintiff was injured by a tie being thrown by one Cooper, who was defendants' foreman, from the flat car in question while the train was moving—and apparently the only difference in the absent testimony and that produced by the plaintiff was in the fact that the plaintiff's testimony showed that he was injured by the tie after it was thrown by Cooper before it struck the ground, and the testimony sought by the defendant would have shown that he was injured by the tie striking him on the rebound after it had struck the ground. Inasmuch as defendants' alleged act of negligence consisted in the act of their foreman throwing the tie in question from the train while moving upon which Roland Hart was sitting, as it appears from the application that the defendants' witnesses will swear, it does not occur to me to

make material difference whether he was injured by the tie before or after it struck the ground.

"Sixth. From the showing made in the application made for a continuance, the court was of the opinion that it was probably not true that Cooper did not know that Roland Hart was sitting on the flat car as testified to by him, for the reason that said application states that Cavanaugh and Tyson saw him struck with the tie 'where he sat on the side of the car and near the rear end of the car.'

"Seventh. The motion for a continuance did not show that Cavanaugh and Tyson were not in the employment of the said Thompson & Scott, and it was not shown that the said Thompson & Scott had exercised the least diligence to secure the presence of the said W. J. Cavanaugh and H. Tyson.

"Eighth. The motion for a continuance did not contain and was not supported by the affidavit of either G. H. Goodson or H. N. Goodson to the effect that the said Goodson & Goodson were employed to represent the said Thompson & Scott, and as a matter of fact on the hearing of the motion for a new trial it was disclosed by the affidavit of H. N. Goodson that the firm of Goodson & Goodson were employed by the Ætna Insurance Company or some insurance company, and not by Thompson & Scott, and no connection was shown on the hearing of the motion for a new trial or elsewhere in the record between the insurance company and said Thompson & Scott.

"A jury was in attendance upon the court, and it would have seriously interfered with the business of the court to have dismissed the jury and either postponed or continued the case, and no good reason was shown to the court why both or at least one member of the firm of Lawther & Pope could not have attended said trial, or why the importance of this case was not of equal dignity or more importance than the one that Mr. Lawther was trying in Dallas. Furthermore, I do not feel that it is sufficient ground for a continuance that counsel is engaged in the trial of some other case in some other court. It was not shown but that the court in Dallas would have postponed the case there, if proper application had been made. It does affirmatively appear, however, that defendants' attorney announced ready in said case at Dallas with knowledge of the fact that this case had already been previously set.

"With this explanation I approve the above and foregoing bill of exception and direct that it be made a part of the record in the above numbered and entitled cause.

"J. H. Arnold, Judge Presiding."

The trial judge was mistaken in the statement that the original answer of Thompson & Scott was signed by the firm of Lawther & Pope. The transcript shows that it was signed by Harry P. Lawther, as attorney for Thompson & Scott; and there is nothing in the record to show that Mr. Lawther had a partner, as stated by the trial judge. It was shown that citation was served upon appellants on the 15th day of May, 1912, and that Goodson & Goodson were employed to defend the case by the Ætna Insurance Company on June 28, 1912.

Harry P. Lawther, of Dallas, for appellants. J. R. Stubblefield, of Eastland, for appellee.

KEY, C. J. (after stating the facts as above). [1, 2] We overrule appellants' contention, and hold that no error was committed in refusing to grant the application for a continuance. In Hogan v. M., K. & T. Ry. Co., 88 Tex. 679, 32 S. W. 1035, a case somewhat similar to this, the rules relating to the question of diligence are discussed; and we refer to that case and the dissenting opinion in the Court of Civil Appeals, which was approved by the Supreme Court, in support of our conclusion in this case. The dissenting opinion referred to is reported in 30 S. W. 868. In the case at bar the application not only failed to state, in terms, that due diligence had been used, as required by the statute, but it failed to show what efforts Thompson & Scott or Goodson & Goodson had made to ascertain the whereabouts and secure the testimony of the absent witnesses prior to the beginning of Judge Goodson's illness; which at the hearing of the motion for new trial was shown to have been about the middle of July. Appellants were served with citation about two months before the beginning of Judge Goodson's illness; and it may be that, if proper diligence had been exercised, the depositions of the witnesses referred to could have been procured before Judge Goodson was taken ill. What, if anything, was done by the appellants or any one in their behalf during the two months' time which elapsed between the service of citation and the illness of Judge Goodson, the application failed to show, and therefore it was insufficient. Therefore, conceding that Mr. Lawther exercised due diligence after he was employed, we feel compelled to hold that such diligence, prior to his employment, was not shown. Perhaps some of the other reasons stated by the trial judge were sufficient to justify his action. We also hold that the court did not abuse its discretion by trying the case in the absence of Mr. Lawther.

No error has been shown, and the judgment is affirmed.

Affirmed.