### TEXAS INTERURBAN RY. CO. v. HALFORD. (No. 333.)

Court of Civil Appeals of Texas. Eastland. Oct. 7, 1927.

1. **Eminent domain ⬉303—Damages for depreciation of homestead from constructing and operating railroad in close proximity, not common to public generally, are recoverable (Const. art. 1, § 17).**

Under Const. art. 1, § 17, damages for depreciation of value of homestead caused by construction and operation of railroad in close proximity thereto, not common to public generally, are recoverable.

2. **Eminent domain ⬉293(4)—In action for damages to homestead from construction and operation of railroad close by, allegation or proof of negligence is unnecessary.**

In action for depreciation of value of homestead from construction and operation of railroad in close proximity, allegation or proof of negligence in such construction or operation is not necessary.

3. **Eminent domain ⬉293(1)—Petition alleging damages to homestead from operation and maintenance of interurban on railway trestle held sufficient.**

In action for depreciation of value of homestead from erection and maintenance of interurban railway trestle close by and from operation of trains thereon, petition pleading construction of trestle in near proximity to homestead and hourly operation of trains thereon with excessive noise, vibration, and smoke, and charging that such situation constituted nuisance, held sufficient.

4. **Trial ⬉352(4)—Issue as to whether homestead was damaged by operation of interurban on railway trestle held not defective for failure to confine jury to pleading and evidence.**

In action for depreciation of value of homestead from construction and maintenance of interurban railway trestle close by and operation of trains thereon, special issue whether plaintiff's property as described in petition was damaged by construction of trestle as alleged therein was not defective, because of generality and failure to confine jury's consideration to plaintiff's pleading and evidence.

5. **Trial ⬉352(1)—Special issue directing assessment of damages for operation of interurban on railway trestle at difference between land's reasonable cash market value, immediately before and immediately after construction of trestle held proper, and not on weight of evidence.**

In action by landowner, special issue as to damages for operation and maintenance of interurban railway trestle over which trains were operated near homestead, telling jury to assess damages at difference between reasonable cash market value of property immediately before and immediately after construction of trestle, was not defective, as being on weight of evidence, and submitted correct measure of damages.

6. **Appeal and error ⬉231(6)—Admission of owner's testimony to depreciation in value of land, some of which was admissible, held not reversible error on objection to whole thereof.**

In action by owner of homestead for construction and maintenance of trestle near by over which interurban trains were operated, where he had previously qualified by testifying that he knew value of his property at time railroad was constructed, permitting his testimony as to improvements on property shortly before building trestle, its value when trestle was built, and that since building of trestle he could not get half of previous value for property, and that he had tried to sell it, but never got any offers, was not reversible error on objection to testimony as whole, in view of fact that some thereof was admissible.

7. **Evidence ⬉486—Qualified witness' opinion is admissible on issue as to property's value.**

Where issue is as to value of property, qualified witness' opinion is admissible.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Evidence ☞488—Owner, suing for damages to land, could, after having qualified, state opinion as to property's market value.**

Landowner, suing for damages to land from construction of interurban railway trestle near by over which trains were operated, could, after having qualified, state his opinion as to market value of property.

**9. Appeal and error ☞231(3)—General objection to all of testimony, part of which is admissible, is not reviewable.**

Where testimony is admitted, part of which is admissible and part of which is not, general objection to all of it is not reviewable.

**10. Evidence ☞543½—Real estate agent of 19 years' experience in locality held competent witness as to depreciation of property through building interurban railway trestle.**

In action for damages to homestead from building interurban railway trestle near by, real estate agent of 19 years' experience in locality was qualified to testify as to depreciation in value.

**11. Evidence ☞522, 531—Generally, real estate agents of experience who are properly qualified can testify as to value of property or depreciation thereof.**

As general rule, real estate agents of experience in community where property is situated, and who are informed as to kind and character of property in question, and qualify as to value, are entitled to testify as to value or depreciation thereof.

**12. Eminent domain ☞298—Evidence of homestead's depreciation from building interurban railroad trestle near by held to support verdict for owner.**

In owner's action for damages to homestead from building interurban railroad trestle near by, and operation of cars thereon, evidence *held* to support verdict for plaintiff.

Appeal from District Court, Dallas County.

Action by W. F. Halford against the Texas Interurban Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

Crane & Crane, of Dallas, for appellee.

PANNILL, C. J. Appellee sued appellant to recover damages for the alleged depreciation of the value of appellee's homestead caused by the construction of a railway trestle adjoining said premises and from the noise and vibration due to the operation of trains thereon. The appellant's defenses will be noticed hereinafter. There was a submission upon special issues, as follows:

"No. 1. Was the property of the plaintiff, as described in his petition, damaged by reason of the construction of the trestle by the defendant, as alleged herein? Answer. Yes.

"No. 2. What amount of damages, if any, has plaintiff suffered? In this connection, if you find any damages, you will assess damages at such an amount as you may find to be the difference in the reasonable cash market value of plaintiff's property immediately before and immediately after the construction of said trestle. Answer. $500."

[1, 2] Ever since the decision in Gainesville, H. & W. R. Co. v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42, our courts have consistently held that damages for depreciation of the value of a homestead caused by the construction and operation of a railroad in close proximity thereto, which damages are not common to the public generally, are recoverable under article 1, § 17, of the Constitution of Texas. Daniels v. Wright (Tex. Com. App.) 249 S. W. 454. In such cases it is not necessary to either allege or prove negligence in the construction or operation of the railway. Houston & T. C. R. Co. v. Davis (Tex. Civ. App.) 100 S. W. 1012.

[3] Another contention advanced is that plaintiff's petition did not allege facts sufficient to show that the construction of the trestle or the consequent operation of the road constituted a nuisance, and that the allegations in the petition that the trestle and the operation of trains was a nuisance is a conclusion of the pleader. The petition pleaded, it is thought, in sufficient detail, the construction of the trestle in near proximity to appellee's homestead and the hourly operation of trains thereon, attended by excessive noise, vibration, and smoke, and this was followed by the charge that the situation created by appellant constituted a nuisance. These averments appear to be sufficient under Judge Gaines' statement in Railway v. Hall, supra, to the effect that the carrying on of any business by a natural person upon his own land, which, by reason of the noise, smoke, and vibration caused by the operation of powerful machinery, materially diminished the enjoyment of the property of another, and rendered it less desirable as a residence, and depreciated its market value, is a nuisance at common law.

[4] Complaint is lodged against the form of special issue No. 1 because of its generality and its failure to confine the consideration of the jury to the pleading and evidence of appellee. These objections are overruled. The charge clearly limits the jury's consideration to the case made by the pleadings. The interrogatory restricts the jury to the consideration of the manner of the construction of the trestle. The effect of this charge was to limit the jury's consideration of the damages, if any, suffered by the appellee, merely by the construction of the trestle, eliminating the element of damages due to the operation of trains thereon. This was to appellant's advantage under the decisions noted.

[5] Special issue No. 2 is objected to as being on the weight of the evidence and as not

---

submitting a correct measure of damages. The issue as shown above refutes both of these complaints, as the question as to whether there was any damage was left entirely to the decision of the jury and the measure of damages was in accord with all the decisions on the subject.

[6-9] Assignments are presented, based upon several bills of exception, only three of which are found in the transcript. One is to the admission of the testimony of appellee, in effect that he had, within a recent time prior to the construction of the road, placed improvements in the approximate value of $1,500 on his said homestead, and that, taking the improvements and real estate into consideration, the value of the property was, at least, $3,000 at the time the trestle was built; that since the construction of the trestle he would take half of that for his property; that he had tried to sell the property, but never got any offers. The objection, as we construe the bill, was to all this testimony because the witness was not shown to be qualified; that his testimony was an opinion and conclusion and was not the proper measure of damages. The witness had previously qualified by testifying that he knew the value of his property at the time the railroad was constructed. Where the issue is to the value of property, the opinion of one qualified is admissible. The last objection that such testimony was not the proper measure of damages, if lodged specifically to that part of the plaintiff's testimony as to what he would take for his property, might present a serious question, but, as stated, we construe the bill to be an objection to the testimony as a whole. Part of the testimony was clearly admissible. In St. Louis, B. & M. Ry. Co. v. Green (Tex. Civ. App.) 183 S. W. 829, it is held that one who qualifies as knowing the value of his real property may, as a part of the predicate for giving his opinion, state the character and value of improvements thereon. It was also permissible for plaintiff to state, after having qualified, his opinion as to the market value of the property. The rule is that, where testimony is admitted, part of which is admissible and part of which is not, a general objection to all of it is not reviewable.

[10] The other two bills relate to the testimony of appellee's witness Moore. It is unnecessary to go into great detail in regard to this matter as the objection which we are asked to review is that the witness was not qualified to testify as to the depreciation in the value of appellee's homestead after the construction of the trestle in question. The witness was shown to have had 19 years of experience in the real estate business in Dallas, and testified he was acquainted with the market value of the property in question, had handled property in that vicinity, and had

sold property near plaintiff's homestead since the construction of the trestle; that in his judgment plaintiff's homestead, prior to the construction of the improvements complained of, was worth $3,000; and that immediately after the construction of such improvements the value of the property had decreased 50 per cent. The bill shows that full opportunity was given the parties to test the witness' qualification and thereafter the court held him qualified, and we think the court's ruling was correct.

[11] It is the general rule that real estate agents of experience in the community where property is situated, and who are informed as to the kind and character of the property in question, and qualify as to value, are entitled to testify. If such witnesses are not available, it would be difficult to find a person qualified to testify as to the market value of real estate.

[12] What has been said above in detailing the testimony of the witness Moore disposes of appellant's complaints, both as to the sufficiency of the testimony to support the verdict and the further complaint that excessive damages were allowed.

Finding no reversible error, the assignments are all overruled, and the judgment of the trial court is affirmed.