## J. M. MULLIN v. THE STATE.

No. 12918.   Delivered January 22, 1930.
Rehearing denied February 19, 1930.
Reported in 24 S. W. (2d) 423.

The opinion states the case.

*Douglass & McConnell* of Pampa, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault with intent to murder; penalty, two years in the penitentiary.

Appellant was the proprietor of a restaurant. The injured party was his former employee, who claimed that appellant owed him and that in a difficulty ensuing between the two when he attempted to make collection, he was stabbed three times by appellant. Appellant's version of the matter, without detailing same, entitled him, if believed, to an àcquittal. He offered to corroborate his version by witnesses who were alleged to be absent and the Court's action in forcing him to trial without these witnesses and in overruling his motion for new trial is the only question presented by the record which we deem worthy of discussion.

When the case was called on April 4, 1929, appellant presented his first application for a continuance or postponement. The case

was postponed until the 29th day of April, 1929, at which time appellant presented what he denominates his "First Amended First Application for a Continuance." Though appellant calls this his first application for a continuance, it was in fact a subsequent application, under the authorities. Griffith v. State, 62 Tex. Crim. Rep. 642; Bowen v. State, 143 S. W. 187.

The application recites that W. D. McGuire, who resides in Panhandle, Carson County, Texas, and Paul Stanton, who resides in Borger, Hutchinson County, and Elmer Stretch, who resides in Borger, Hutchinson County, were absent; that appellant "caused to be issued a subpœna on or about the 1st day of April, A. D. 1929," for the witness W. D. McGuire and that he caused another subpœna to be issued to Carson County and another to Potter County on the 10th day of April, 1929; and that he caused a subpœna to be issued on the 1st day of April, 1929, for Paul Stanton, which was duly sent to the Sheriff of Hutchinson County and returned with the report that Paul Stanton had but recently gone to White Deer, Carson County; that a subpœna was then sent to the Carson County Sheriff but that no return had been made on same before April 10, 1929, and that being informed that said Paul Stanton had gone to Young County, he caused a subpœna to be issued to Young County on the 19th day of April, 1929, which subpœna was returned by the Sheriff of said county with the endorsement that said witness could not be found; that he caused a subpœna to be issued for Elmer Stretch on the 1st day of April, 1929, which subpœna has never been returned "by the Sheriff of said County." These constitute his allegation showing diligence. To the application he attached purported copies of subpœnas issued for said witnesses. We note that in one of these the names of W. D. McGuire and Elmer Strick (presumably Stretch) appear in a subpœna issued to Gray County, where neither of said witnesses resided; that this subpœna was shown to have been filed on the 2nd day of April, 1929; that another subpœna is shown to have been issued for W. D. McGuire to Carson County dated April 19, 1929, which bears no file mark and no return. A copy of another subpœna for Paul Stanton appears addressed to the Sheriff of Young County, which was filed with the endorsement aforesaid. These are all the subpœnas attached.

On motion for new trial the Distict Attorney filed a contest on appellant's right for a continuance, among other things for a lack of diligence. In overruling the motion for new trial filed by appellant the Court recites that he heard evidence thereon. Such evidence

has not been brought up for review. In the absence of this, the law compels us to presume that such testimony was before the Court as justified the judgment rendered.

What has been said above is sufficient to illustrate a showing of lack of diligence. We judicially know that the residence of these witnesses was near the scene of the trial. No excuse is made for not issuing other process. The most that can be said of the showing made was that subpœnas were sent to the officers of the county where the witnesses were alleged to reside. How they were sent, whether or not they were ever received by them, when they were returned and filed, are all matters left to conjecture. It may be admitted that the testimony was material but for aught that appears in this record all these subpœnas may have been on file for many days prior to the day of the trial or they may have never been properly forwarded to the officers and never received by them, all of which may have been shown on a hearing of the motion for new trial.

The burden is upon the party seeking a continuance to show himself entitled thereto by definite, exact and certain averments. It is not sufficient to merely state that process was sued out. When issued to another county, the manner and time of its transmission should be averred, together with the time of its return. Barrett v. State, 18 Tex. Crim. Rep. 64; Vernon's C. C. P. (1925), Art. 543, Note 5, where numerous authorities are collated. See also Hornsby v. State, 91 Tex. Crim. Rep. 174. The Courts are vested with some discretion in matters of this kind. We are not able in the state of the record here to determine if the trial court abused his discretion in the ruling complained of.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In his motion for rehearing the appellant contends that the record is void of evidence which would support the conclusion by the jury that in inflicting the injury upon Tarlton there was in the appellant's mind an intent to kill. From the State's testimony it appears that Tarlton had worked for the appellant; that upon demanding his pay the appellant disputed the account and ordered Tarlton to leave the premises; that as Tarlton was

backing out of the place he was assaulted by the appellant who used a butcher knife which was sharp and with a blade which was estimated from five to eight inches long. Several wounds were inflicted upon Tarlton, two of which were described by the doctor as serious, one of them entering between the ribs and going into the cavity. The doctor stated that while the wounds yielded to treatment, they were of a serious nature and might have caused death.

The appellant, by his testimony, raised the issue of self-defense based mainly upon threats. The attention of the jury was drawn to the defensive theory in a very comprehensive charge and one which was admirably adapted to protect the rights of the accused. The jury's finding that the weapon used was a deadly weapon and that the intent of the accused was to kill cannot be regarded as unsupported by the evidence.

The motion is overruled.

*Overruled.*