FRYMIRE ENGINEERING COMPANY,
INC., *Appellant,*

v.

Patricia GRANTHAM, Appellee.

No. 17562.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 20, 1974.

Supplemental Opinion Jan. 3, 1975.

Rehearing Denied Jan. 24, 1975.

Bailey, Williams, Westfall & Henderson, and C. Edward Fowler, Jr., Dallas, for appellant.

Wilson, Berry, Jorgenson & Johnson, and Ken W. Fuqua, Dallas, for appellee.

## OPINION

BREWSTER, Justice.

The plaintiff, Patricia Grantham, sued Fox & Jacobs Construction Company, Inc. and Frymire Engineering Company, Inc., for damages that resulted from a fire that occurred at plaintiff's home. The suit was based on negligence. For the sake of brevity we will refer herein to the last named defendant as Frymire. Frymire filed third party complaints against General Electric Company and Cerro Corporation. The case was set for trial by the at-torneys for the week beginning January 14, 1974. After this setting was made David Westfall, one of the attorneys of record for Frymire, received a summons for jury duty in Dallas County for the week starting January 14, 1974, at 8:45 A.M. On January 8, 1974, Frymire, through its attorney, Westfall, filed a motion for a continuance based on the ground that he had been called for jury duty for the week that the case had been set for trial. The third party defendants, General Electric and Cerro Corporation, also filed motions for continuance based on other grounds. On January 8, 1974, the trial court ordered that the motions for continuance filed by the third party defendants, General Electric and Cerro Corporation, be granted. In the same order he overruled Frymire's motion for a continuance. He then on January 14, 1974, severed the plaintiff's claim against Frymire from all other actions and on that date when no one appeared at trial time in behalf of Frymire, the court proceeded to try the plaintiff's case against Frymire. Defendant's attorney, Westfall, instead of appearing in court in Frymire's behalf at trial time, chose to and did at that time appear in Dallas County and rendered the jury service for which he had been summoned.

At the conclusion of the trial the court rendered judgment in favor of the plaintiff and against the defendant, Frymire, for $15,382.91 and Frymire here appeals from that decree urging 47 points of error.

Frymire's first 6 points of error attack the court's action in overruling its motion for continuance based on the fact that one of its attorneys of record, Westfall, had been summoned for jury duty on the same date that the case was set for trial. Frymire contends that the trial court's ruling on this motion constituted an abuse of its discretion.

We overrule each of those points of error.

Whether or not a motion for continuance such as the one involved here

should or should not be granted is a matter that lies within the sound discretion of the trial court. His ruling thereon will not be disturbed by an appellate court unless an abuse of discretion is shown. Hernandez v. Heldenfels, 374 S.W.2d 196 (Tex.Sup., 1963) and 112 A.L.R. 594 (Continuance—Counsel Engaged Elsewhere). For many other cases so holding see 13 Tex.Jur.2d 54, Continuance, Sec. 124, note 10, and Sec. 137, p. 73.

Rule 253, Texas Rules of Civil Procedure provides: "Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance . . . of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record."

The rules do not elsewhere provide that the grounds urged by appellant entitled him to a continuance as a matter of right.

In passing on the question of whether the trial court abused its discretion in overruling the motion for a continuance, the reviewing court will consider the entire record including the evidence introduced at the hearing of the motion for new trial. Texas Employers' Insurance Association v. Yother, 306 S.W.2d 730 (Fort Worth, Tex.Civ.App., 1957, writ ref., n. r. e.).

The burden is on one moving for a continuance to show that he is entitled to it. See Mullin v. State, 114 Tex.Cr.R. 225, 24 S.W.2d 423 (Ct. of Crim.App., 1930) and 13 Tex.Jur.2d 61, Continuance, Sec. 127.

The evidence before the trial court would justify the trial court in finding and believing that the attorney, Westfall, received his jury summons at least 10 days before the day the case was set for trial.

Frymire's pleadings were signed "Bailey, Williams, Westfall & Henderson, Attorneys for Defendant, Frymire Engineering Co., Inc., By David Westfall."

Mr. Westfall testified as follows: when his law firm acquired this business, the job of defending Frymire was assigned to him; there are four lawyers in this law firm that represented Frymire; if any other of the firm's lawyers knew anything about the case up to trial time he did not know it; he had had the file for about one year; he considered the case to be complex to the extent that no other member of his law firm could take over the file with only a moment's notice and try it; he filed his motion for a continuance on January 8, 1974, and had a law student employee take it to Denton and file it; this motion was overruled on January 8, 1974; he knew before trial date that the trial court had overruled Frymire's motion for a continuance, had granted motions for continuance for the two third party defendants, and that plaintiff was going to, on January 14, 1974, ask the court to sever plaintiff's case against Frymire from the other matters involved therein and to proceed with the trial of plaintiff's action against Frymire; he had been summoned to serve jury duty in Dallas County on the same date that this case was set for trial; he was qualified to serve on the jury; he had no legal reason to be excused from jury service, but was told by the judge in charge of the jury that his jury service could be postponed until some later week in the next two or three months that Westfall would designate; Westfall told him that he did not desire the service postponed; Westfall was told that Judge Boyd, the trial judge in the case, had, before ruling on the motion for continuance, called the Dallas judge who was in charge of the jury and was advised by him that he would gladly postpone Westfall's service to a later date; Westfall's feeling was that he should try the case with the two third party defendants in it, and this was one factor causing his strong desire to do his jury service during the week that this case was set for trial; he did not ask for the jury summons, but since he got it, he weighed the

situation that confronted him on January 14, 1974, and chose to serve on the jury instead of to try this case; he cannot deny that he used the jury summons to try to postpone the trial against his client; he wanted the delay so he could try the case against the third party defendants at the same time; he chose not to postpone his jury service even though he could have gotten it postponed and even though he knew the court had overruled his motion for a continuance; no one showed up in Frymire's behalf on the date the case was set for trial; Westfall was offended because the trial judge had taken it upon himself to call the Dallas judge in charge of the jury to see if Westfall could get his jury service postponed; the reason Westfall did not show up at trial time was because he went to respond to his jury summons at that time; he did service on the jury from Monday through Wednesday of that week; he did not have an attorney from his office or a local attorney appear at the trial for Frymire on the date the case was set for trial because he did not believe that the trial court and plaintiff's counsel would go to trial in the case without him being there.

Frymire made no effort to make the record show that each of the other three lawyers in his law firm was unable, during the interval between the time Westfall received his jury summons and trial time, to take over the file in the case and prepare himself to ably represent Frymire in the defense of the case.

The pleadings in this case reveal that this is a suit for damages. The theory was that defendant was guilty of negligence that proximately caused such damages. We judicially know that the trial judge has had years of trial experience and it was his function, with the knowledge he had of the case, to decide whether or not a negligence case such as this was of such a complex nature that another able lawyer in the Westfall firm could not have, during the time period that was available to him, taken over the file and prepared himself to defend Frymire.

In the case of Thompson & Scott v. Hart, 157 S.W. 184 (Austin, Tex.Civ.App., 1913, writ ref.), the attorney representing one of the parties was engaged in trying a case in another court at the time this case came up for trial. This attorney was a member of a law firm. The trial court overruled the motion for continuance based on the fact that this lawyer was in trial in another court. On appeal the court held that no abuse of discretion was shown where no reason was shown why another member of that lawyer's law firm could not have taken over and ably represented the client.

For other cases that have led us to the conclusion that we have reached on this point, see 112 A.L.R. 593.

We are not required to and do not pass on the question of how each member of this Court would have ruled had he been required to make the initial ruling on the motion for continuance.

We hold that the record before us does not show that the trial court abused the discretion vested in him when he overruled Frymire's motion for a continuance.

In appellant's points of error numbered 7 through 16, inclusive, it contends that the trial court erred in various respects in rulings that it made relating solely to the issue of defendant's liability in the case.

We overrule each of those points.

■ At the time the judgment was rendered herein Frymire's pleadings in the case consisted only of a general denial and some special exceptions. Frymire had thus made an appearance in the case but had pleaded nothing in bar or in preclusion of the plaintiff's demand. Frymire's attorney and no one else appeared in court in Frymire's behalf at the time the case had been set for trial and at the time the judgment herein was rendered. The judgment being

appealed from is therefore what is termed "a judgment nihil dicit." See Spivey v. Saner-Ragley Lumber Co., 284 S.W. 210 (Tex.Com.App., 1926, opinion adopted by Supreme Court) and 33 Tex.Jur.2d 651, Judgments, Sec. 130.

"A judgment nihil dicit amounts to something more than a statutory default judgment; it is said to partake of the nature of a judgment by confession as well as a judgment by default, and to possess a stronger implication in favor of the plaintiff's claim than an ordinary default judgment." 33 Tex.Jur.2d 652, Judgments, Sec. 130.

The rule just announced relating to confession of judgment by defendant applies in this case only to the liability issues that are involved in the case for the reason that the damages alleged are unliquidated.

The following is from 33 Tex.Jur.2d 654–655, Judgments, Sec. 134, wherein the discussion related to a judgment nihil dicit:

"When the amount sued for is liquidated, judgment may be rendered without the aid of a jury, but when the amount is unliquidated a writ of inquiry may be awarded. And, when damages are not liquidated and their amount depends for ascertainment on the evidence adduced at the trial, it has been held that the defendant will not be presumed to have waived the insufficiency of evidence to support the amount of recovery, since he is entitled to rely on the court to render judgment only on sufficient evidence as to damages."

■ When Frymire's counsel allowed this case to be tried in their absence after having filed an answer and after having been advised of the setting, Frymire impliedly confessed judgment, in so far as the liability issues are concerned, and admitted the cause of action alleged in plaintiff's petition. Spivey v. Saner-Ragley Lumber Co., supra; Pickett v. Roberts, 467 S.W.2d 244 (Eastland, Tex.Civ.App., 1971, ref., n. r. e.); Gomperts v. Wendeborn,

427 S.W.2d 904 (Austin, Tex.Civ.App., 1968, no writ hist.); and O'Quinn v. Tate, 187 S.W.2d 241 (Texas Civ.App., 1945, writ ref.).

For the reasons stated none of the matters complained of in Frymire's points of error 7 through 16 could constitute a reversible error since they all relate solely to the issue of liability.

■ In Frymire's 44th point of error it is contended that the trial court erred in finding in the judgment that the failure of defense counsel to appear at the trial for Frymire was voluntary and capricious.

We overrule that point because we believe that the evidence in the case is sufficient to support the trial court's conclusions.

■ In Frymire's points of error Nos. 46 and 47 it contends that the trial court erred in overruling its motion for new trial because (1) the absence of its counsel was not due to fault, negligence or a lack of diligence on its part and (2) the court's action in overruling the motion resulted in an unwarranted denial of Frymire's day in court.

We overrule these two points.

The trial court's action complained of in those two points was proper because the judgment nihil dicit had been properly granted.

The following is from the opinion in the case of Hovey v. Halsel-Arledge Cattle Co., 176 S.W. 897 at page 900 (Fort Worth, Tex.Civ.App., 1915, no writ hist.) which case is cited to us by Frymire: "The right of a party to a reasonable opportunity to appear in court upon the trial of a case and present his side of the controversy is fundamental. *Of course, if he is given that opportunity and through negligence or willful omission fails to take advantage of it, he cannot be heard to complain.*" (Emphasis ours.)

The record in this case would justify the trial court in concluding that Frymire was

given a reasonable opportunity to appear and be represented by its counsel at the trial of this case, either by Mr. Westfall or by some other member of his law firm, and that the failure of one of them to appear for Frymire was because of their negligence or wilful omission to appear. Mr. Westfall apparently did not ask one of the other attorneys to appear at the trial because he wanted the case passed. He testified that he sent no one to the trial because he did not think the court and plaintiff's counsel would try the case without him. Under these circumstances no error was committed as contended in the 46th and 47th point of error.

The appellant sets out in its brief its points of error Nos. 32, 33, 39, 40, 41, 42 and 43. It makes no further mention of the matters complained of in those points. The appellant, Frymire, did not undertake to either brief or argue any of those 7 points of error. When an appellant fails to brief a point of error he waives it. Jackson v. Jackson, 470 S.W.2d 276 (Fort Worth, Tex.Civ.App., 1971, ref., n. r. e.); McMillen Feeds, Inc. of Texas v. Harlow, 405 S.W.2d 123 (Austin, Tex.Civ.App., 1966, ref., n. r. e.); St. Paul Mercury Ins. Co. v. Sugarland Indus., Inc., 406 S.W.2d 778 (Eastland, Tex.Civ.App., 1966, ref. n. r. e.); and Smith v. Davis, 453 S.W.2d 340 (Fort Worth, Tex.Civ.App., 1970, ref., n. r. e.).

We overrule Frymire's points of error Nos. 32, 33, 39, 40, 41, 42 and 43 because he failed to brief them.

Frymire's point of error No. 17 is that there is no competent evidence to support the trial court's finding of fact No. 7 that plaintiff's recoverable damages are $15,382.91. In its point of error No. 18 Frymire contends that the evidence is insufficient to support such finding of fact No. 7 and in its point of error No. 45 Frymire says the court erred in rendering judgment for defendant in that sum of $15,382.91. The trial court's findings of fact reveal that the amount of the judgment was arrived at by adding together the seven different items of damage that are referred to in the findings of fact No. 7 for which a recovery was allowed. The three points of error just referred to do not point out which of the seven items of damage for which a recovery was allowed was erroneously allowed.

These three points are so general and multifarious that they do not comply with Rule 418, T.R.C.P. They do not direct the attention of the court to the particular error relied upon. Each is so general that one could argue under it claimed error of the court in allowing each one of the seven different items of damage that the court did award and add together in order to arrive at the amount of the judgment. See McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957); Commercial Standard Ins. Co. v. Southern Farm Bureau Casualty Ins. Co., 509 S.W.2d 387 (Corpus Christi, Tex.Civ.App., 1974, ref., n. r. e.); Pleasant Grove Builders, Inc. v. Phillips, 355 S.W.2d 818 (Dallas, Tex.Civ. App., 1962, ref., n. r. e.); Phillips v. Gallez, 329 S.W.2d 922 (Waco, Tex.Civ.App., 1959, no writ hist.); Middleton v. Middleton, 479 S.W.2d 775 (Austin, Tex.Civ.App., 1972, ref., n. r. e.); and Redman v. Cooper, 160 S.W.2d 318 (Fort Worth, Tex.Civ. App., 1942, no writ hist.).

On the authority of the cases just cited we overrule Frymire's points of error Nos. 17, 18 and 45.

In its brief Frymire does assert separate points of error by which it undertakes to attack the court's action in allowing a recovery for each one of the seven items of damage for which a recovery was allowed. We will undertake to discuss herein those points of error. Since Frymire does have the points attacking directly each of the seven items of damage for which a recovery was allowed, its points of error Nos. 17, 18 and 45 are mere surplusage anyway.

Frymire's points of error Nos. 19 and 20 are that there is no competent evidence

and that there is legally insufficient evidence to support the trial court's finding of fact No. 7 that plaintiff's recoverable damages for repairs to the realty was $4,221.38.

The findings of fact show that $4,221.38 of the total amount of the judgment was allowed by the court for repairs that the plaintiff made to her realty after the fire.

Frymire's points of error Nos. 36 and 37 are that there was no competent evidence and insufficient evidence that the cost of repairs to the realty was both reasonable and necessary.

In its 38th point of error Frymire contends that the court erred by applying an improper measure of damages in allowing a recovery for cost of repairs to the realty.

We will discuss Frymire's points 19, 20, 36, 37 and 38 together because they all pertain to its claim that the court erred in allowing the recovery of the $4,221.38 item which represented cost of repairs plaintiff made to the realty after the fire.

The only evidence that plaintiff offered on this item was the testimony of the plaintiff, Mrs. Grantham.

She testified that a man named Brann made repairs to her house after the fire. He gave her an estimate beforehand, he did the work and furnished what materials he used, and after he finished the job she paid him $4,221.38 for doing the repair job. She also testified that before the job started she got estimates from four contractors in all and in her opinion the amount that she paid to Brann was a fair and reasonable amount and was the unusual and customary charge made in the county in question for the labor and materials furnished by Brann in repairing the house after the fire.

The plaintiff did not offer any evidence whatever tending to prove that any and all of the materials furnished and the repairs made by Brann for which a recovery was herein allowed were rendered necessary by defendant's negligence or by the fire in question. The statement of facts contains no evidence at all tending to show that the repairs made for which a recovery was allowed were necessary in order to repair the damage done by the fire.

■ Where a recovery of cost of repairs is sought as an element of damage in a tort case such as this, regardless of whether the injury is to realty or to personalty, it is essential to a recovery by the plaintiff that plaintiff prove that the repairs for which he seeks to recover were necessary in order to repair the injury done by defendant or were necessary to restore the property to the condition it was in before the injury. Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575 at p. 576 (1889); Hood v. Adams, 334 S.W.2d 206 (Amarillo, Tex.Civ.App., 1960, no writ hist.); Neilson v. Okies, 503 S.W.2d 614 (El Paso, Tex.Civ.App., 1973, no writ hist.); Higgins v. Standard Lloyds, 149 S.W.2d 143 (Galveston, Tex.Civ.App., 1941, writ dism.); Dallas Railway & Terminal Co. v. Hendrix, 261 S.W.2d 610 (Dallas, Tex.Civ.App., 1953, no writ hist.); Milby Auto Co. v. Kendrick, 8 S.W.2d 743 (Galveston, Tex.Civ.App., 1928, writ dism.); Paul v. Johnson, 314 S.W.2d 338 (Houston, Tex.Civ.App., 1958, writ dism.); and Stafford v. Thornton, 420 S.W.2d 153 (Amarillo, Tex.Civ.App., 1967, ref., n. r. e.).

■ Because of the lack of proof mentioned we sustain defendant's contentions made in its points of error Nos. 20, 36 and 37 that the evidence was legally insufficient to support the trial court's finding that plaintiff was entitled to recover the $4,221.38 item for repairs she made to the house. We overrule Frymire's point of error No. 19.

We overrule Frymire's point of error No. 38 wherein it contends that the trial court committed reversible error in this case by using an improper measure of damages when it allowed plaintiff a recovery for cost of repairs to plaintiff's house.

Mrs. Grantham testified that a part of the damage done to her house by the fire could not be repaired.

We recognize that many courts have held that in a case such as this the proper measure of recovery by plaintiff for damages to the realty is the difference in the market value of the realty immediately before the fire and its market value immediately after the fire. Pacific Express Co. v. Smith, 16 S.W. 998 (Tex.Sup., 1891); Pacific Express Co. v. Lasker Real-Estate Ass'n, 81 Tex. 81, 16 S.W. 792 (1891); Tyler S. E. Ry. Co. v. Hitchins, 26 Tex.Civ.App. 400, 63 S.W. 1069 (1901, no writ hist.); Taylor v. Gossett, 269 S.W. 230 (Dallas Tex.Civ.App., 1925, writ dism.); Lone Star Gas Co. v. Holifield, 150 S.W. 2d 282 (Forth Worth, Tex.Civ.App., 1941, no writ hist.); Crain v. West Texas Utilities Co., 218 S.W.2d 512 (Eastland, Tex.Civ.App., 1949, ref, n. r. e.); Smith v. Dye, 294 S.W.2d 452 (Galveston, Tex.Civ. App., 1956, no writ hist.); and Houston Natural Gas Corporation v. Pearce, 311 S.W.2d 899 (Houston, Tex.Civ.App., 1958, ref. n. r. e.).

The use of that measure of damages in a case where it can be properly used in most instances greatly simplifies the trial. Its use in this case would have greatly simplified this appeal.

The following is from the opinion in the case of Stafford v. Thornton, 420 S.W.2d 153 (Amarillo, Tex.Civ.App., 1967, ref., n. r. e.):

"Although it is settled permanent improvements attached to the realty are considered a part of the realty, the same measure of damages for injuries to improvements and land does not necessarily apply. Damages may be recovered for injuries to improvements attached to the land independently of damages to the realty. Tucker v. Lane (Tex.Civ.App.) 312 S.W.2d 257. The measure of damages for repairable injury to a building is the amount necessary to restore the building to its condition immediately prior to its injury, and interest from the date of injury to the time of trial. Victory Truck Lines v. Brooks (Tex.Civ.App.) 218 S.W.2d 899. Cornell v. American Indemnity Co. (Tex.Civ.App.) 275 S.W.2d 702 (Ref.N.R.E.)."

That case and the cases therein cited are authority for our action in overruling Frymire's 38th point of error.

■ Even if error was committed as is urged in Frymire's 38th point we are convinced it was a harmless one because the measure of damages that the court did apply in determining injury to the realty would have done no more than compensate the plaintiff for the injury to his realty. That is the primary object of a suit for damages. See 25 C.J.S. Damages Sec. 84a, p. 920, and Houston Natural Gas Corporation v. Pearce, 311 S.W.2d 899 (Houston, Tex.Civ.App., 1958, ref., n. r. e.).

In Frymire's 27th and 28th points of error it is contended that there is no evidence and legally insufficient evidence to support the court's finding that recoverable damages for repair of personalty was $1,233.24.

Its 34th and 35th points of error are that there was no competent evidence and legally insufficient evidence offered to show that the cost of repairs made by plaintiff to her personalty were both reasonable and necessary.

We will discuss those four points together since they all relate to the same item of damage. We sustain the four points to the extent indicated below. We overrule them otherwise.

The findings of fact show that $1,233.24 of the total judgment was recovered by plaintiff for repairs and cleaning that she had done to her personalty after the fire.

Plaintiff's testimony was the only evidence offered on this item of damage. She testified that sometime after the fire she had repairs made and cleaning done to some of her personalty that was involved in the fire; she paid out $1,364.74 for

cleaning and repairs that she had done to her personalty; and from her experience this figure was a fair and reasonable charge and was the usual and customary charge for the repair work and cleaning work that she had done after the fire on her personalty.

No evidence was offered by plaintiff on the issue of whether or not all or any part of the repair and cleaning work that she had done on her personalty was necessary in order to repair damage done by the fire. It was essential that plaintiff make that proof before she can recover that item of damage, and since no such proof was offered the court erred in allowing plaintiff a recovery of this particular item of damage. For cases supporting this holding see our discussion above of Frymire's points of error Nos. 19, 20, 36, 37 and 38.

In Frymire's 23rd point of error it contends that permanent depreciation or damage to realty that would have necessitated repairs beyond that thought reasonable by an ordinary prudent man is an improper measure of damages. It contends that the court committed reversible error in applying that measure. We overrule the point.

In this case in awarding damages done to the realty the court sought to award the plaintiff the cost of the repairs that she made to the house after the fire plus $2,000.00 for permanent depreciation or damage to the realty that would have necessitated repairs beyond that thought reasonable by an ordinarily prudent man.

Saying the same thing another way the court awarded plaintiff the cost of repairs that she made to the house after the fire plus the difference in its market value just before the fire and its market value after having been repaired.

Where the plaintiff apparently got the idea of using the verbiage set out above and that measure of damages was from 17 Tex.Jur.2d 149, Damages, Sec. 74, Note 1.

Such a rule is there referred to. Cases in which such language is used are Galveston, H. & S. A. R. Co. v. Becht, 21 S.W. 971 (Texas Civ.App., 1893, no writ hist.) and Commercial Ins. Co. of Newark, N. J. v. Colvert, 425 S.W.2d 34 (Fort Worth, Tex. Civ.App., 1968, no writ hist.).

Although the measure of damages that is ordinarily used in such cases is the difference in market value immediately before and after the injury, we are convinced that the measure sought to be applied by the court here would only result in making plaintiff whole again and that no reversible error was committed by using it. See 17 Tex.Jur.2d 162, Damages, Sec. 89.

The record shows that this $2,000.00 item was actually the difference in market value of the house just before it was burned and its market value after the repairs were made after the fire. This is a damage that plaintiff sustained in the fire and for which she was entitled to recover.

In Frymire's points of error Nos. 21 and 22 it contends that there was no competent evidence and legally insufficient evidence to support that part of the court's finding of fact No. 7 finding that permanent depreciation or damage to the realty that would have necessitated repairs beyond that thought reasonable by an ordinary prudent man were $2,000.00.

We overrule these two points of error.

The plaintiff, Mrs. Grantham, was the only witness that gave testimony on this issue. She was the owner of the house and had lived in it for nearly a year before the fire. She testified that every area of the house sustained damage; she had had a part of the house repaired but that parts of the damage done were not repairable because it would cost too much to repair them; and that the difference in the market value of her house just before the fire and its market value after the fire after being repaired was $2,000.00.

This was sufficient evidence to support the court's finding that is here complained of.

■ An owner of land testifying that she knows the market value of her land is qualified to give her opinion as to such value. Texas Interurban Ry. Co. v. Halford, 299 S.W. 277 (Eastland, Tex.Civ. App., 1927, no writ hist.); Murray v. Morris, 17 S.W.2d 110 (Amarillo, Tex.Civ. App., 1928, writ dism.); Oliver v. Corzelius, 223 S.W.2d 271 (El Paso, Tex.Civ. App., 1949, writ dism.); and Vol. 2, Texas Law of Evidence, McCormick & Ray, Sec. 1422. The weight to be given such evidence is a matter that lies in the discretion of the trial court.

Frymire's 29th and 30th points of error are that there is no competent evidence and legally insufficient evidence to support that part of the court's finding of fact No. 7 that recoverable damages for permanent damage to personalty that would have necessitated repairs beyond that thought reasonable by an ordinarily prudent man was $1,025.00.

Its 31st point of error is that permanent damage to personalty that would have necessitated repairs beyond that thought reasonable by an ordinarily prudent man is an improper measure of damages.

We overrule these points.

We have above discussed similar points in so far as they apply to the realty involved.

■ Plaintiff's testimony on this was that she had some of her personalty that was involved in the fire repaired and cleared after the fire and that after this work was done that there was still a difference in market value of that personalty immediately before the fire and its market value after the fire and after the repairs and cleaning were done of $1,025.00. This was a recoverable item of damage. See 17 Tex.Jur.2d 162, Damages, § 89, and our discussion above of Frymire's points of error Nos. 21, 22 and 23.

■ The plaintiff testified as to this difference in market value and she was a competent witness to furnish that evidence.

In Frymire's 24th and 25th points of error it is contended that there is no competent evidence and that there is legally insufficient evidence to support that part of the court's finding of fact No. 7 finding that the fair market value of plaintiff's destroyed personalty was $4,581.85.

In the 26th point of error it is contended that the fair market value of destroyed personalty was an improper measure of damages because the record here shows that the personalty destroyed was second-hand goods.

We overrule these three points because we are convinced that the trial court did not commit a reversible error in connection with any of the matters therein referred to.

■ The plaintiff was the only person that testified on this issue. Her counsel asked her for the dollar amount of her personalty that was totally destroyed by the fire. Her answer was $4,635.04. She testified that that figure was a fair and reasonable figure in Denton and Dallas Counties for the amount of the personalty that was destroyed. Her counsel then asked her if that figure was the fair market value of the personalty destroyed immediately before the fire, and she answered that it was. She introduced into evidence a list of the items that were destroyed by fire and beside each item was the cost price to her of such item. She testified that she then arrived at the valuation she testified to by deducting from the cost price of each of those items 15% for depreciation.

We hold that this evidence was sufficient to support the court's award to plaintiff of the $4,581.85 item for the loss of her destroyed personalty.

The plaintiff-owner was a competent witness to furnish the value testimony referred to. Aetna Casualty and Surety Company v. Clark, 427 S.W.2d 649 (Dallas, Tex.Civ.App., 1968, no writ hist.) and 37 A.L.R.2d 970 and 997, Sec. 21.

It is true that a plaintiff in a suit for damages for the loss of personalty of the type involved here is entitled to recover as his measure of damages the value to him at the time of the loss of his destroyed property. Crisp v. Security National Insurance Company, 369 S.W.2d 326 (Tex.Sup., 1963) and Aetna Casualty and Surety Company v. Clark, supra.

But the value to the owner measure of damages is applied in such cases because the value to the owner of second-hand items such as that involved here is generally much higher than is the market value of second-hand goods of that type. It would not be fair to the owner in such cases to have his recovery limited to the market value of such second-hand goods. If anyone would be prejudiced in such a case by limiting plaintiff's recovery to the market value of such second-hand personalty it would be the plaintiff and not the defendant. Crisp v. Security National Insurance Company, supra, and 34 A.L.R.3d 816, Sec. 2.

Therefore, even if it could be said that the court did err in applying the wrong measure of damages, Frymire has not shown that such error was one that prejudiced him in any way.

The total judgment recovered by plaintiff below was $15,382.91. We have held herein that the trial court erred in awarding to plaintiff two items of damages, namely, (1) the $4,221.38 item awarded her as the cost of repairs that she made to the real estate, and (2) the $1,233.24 item awarded to her as the cost of repairs she made to her personalty. The erroneous awards total $5,454.62. We have held herein that Frymire has not shown on this appeal that the court committed a prejudicial error that in any way affected the award to plaintiff of the remaining $9,928.-29 of the judgment. If the $4,221.38 item and the $1,233.24 item, which together totaled $5,454.62, were subtracted from the amount of the judgment recovered in the trial court by the plaintiff, then the remaining $9,928.29 of said judgment would in no way be tainted by the harm that was originally done to defendant by the commission of the two errors by the trial court.

We have no right, upon our own volition, without the approval of plaintiff, to reduce the amount of the judgment by deducting from it the $5,454.62 that was erroneously awarded to plaintiff, and then affirm the judgment against defendant for the remaining $9,928.29. This is true because the two items which we have held were not sufficiently proved up are recoverable items in a case of this type in instances where they are properly proved up. Plaintiff has the right to have the entire case sent back for a new trial if she desires it.

We reverse the trial court's judgment and remand the case for a new trial. If, however, the plaintiff elects to do so and will, within 15 days from this date, file a remittitur of $5,454.62, plus the interest that has accrued on that amount since the date of the judgment, the judgment in this case in favor of the plaintiff, Patricia Grantham and against Frymire Engineering Company, Inc., will be reformed and affirmed for $9,928.29, together with interest thereon at the rate of six per cent per annum from January 17, 1974. See Austin Road Company v. Ferris, 492 S.W.2d 64 (Fort Worth, Tex.Civ.App., 1973, ref., n. r. e.); Bradley v. McIntyre, 373 S.W.2d 389 (Houston, Tex.Civ.App., 1963, ref., n. r. e.); and Chemical Express v. Cole, 342 S.W.2d 773 (Dallas, Tex.Civ.App., 1961, ref., n. r. e.).

## SUPPLEMENTAL OPINION

The appellee, Patricia Grantham, has filed herein a remittitur of $5,454.62 plus

the interest that has accrued on that amount since the date of the trial court's judgment.

Therefore, the judgment in favor of Patricia Grantham and against Frymire Engineering Company, Inc., is hereby reformed to allow a total recovery of $9,928.29, plus interest thereon at the rate of 6% per annum from January 17, 1974.

The costs incurred in the trial court are all taxed against Frymire Engineering Company, Inc. All costs incurred in connection with this appeal are taxed against the appellee, Patricia Grantham.

As above reformed the judgment is affirmed.